REIS et al. v. ROSENFELD.

(Circuit Court of Appeals, Second Circuit. March 10, 1913.)

No. 167.

1. PATENTS (§ 275*)—ACTION AT LAW FOR INFRINGEMENT—DAMAGES.

In an action at law for infringement, where validity, title, and infringement of the patent are proved, plaintiff is entitled to recover at least nominal damages, although he is unable to prove any specific amount of actual damages, without availing of inadmissible conjectures.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 422–431; Dec. Dig. § 275.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PATENTS (§ 266*)— INFRINGEMENT BY CORPORATION— LIABILITY OF OFFICER.
An officer and director of an infringing corporation cannot be held personally liable for the infringement, without proof that he was personally concerned in the same.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 410; Dec. Dig. § 266.*]

3. PATENTS (§ 274*)— ACTION FOR INFRINGEMENT — EVIDENCE — SUBSEQUENT PATENT.
Where an article alleged to infringe is made under a patent subsequent to the one in suit, such patent is admissible in evidence, and may be considered on the question of infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 419-421; Dec. Dig. § 274.*]

This cause comes here upon writ of error to review a judgment of the District Court, Southern District of New York, entered against plaintiff in error, who was defendant below, upon a verdict for six cents directed by the court.

The action was brought to recover $60.000 damages for infringement of United States patent No. 728,982, granted May 26, 1903, to plaintiff, for a printing machine.

Jellenik & Stern, of New York City (A. D. Kenyon and Nathan D. Stern, both of New York City, of counsel), for plaintiffs in error.

Leonard H. Dyer and John L. Lotsch, both of New York City (L. H. Dyer, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. Two claims were declared upon, Nos. 1 and 7; but plaintiff recovered only on claim 7, and he has not sought to review his defeat, as to claim 1, by any cross-writ of error.

The invention relates to the class of printing machines used for printing from an engraved plate and the like, and has for its object to provide means for guiding and feeding a continuous web or strip to be printed upon over said plate. The invention consists in details of improvement. The claim reads as follows:

"7. A printing machine of the character described. comprising a frame, a reciprocative bed or platen to carry a printing medium, a pressing or printing roller, a gripping device connected with said bed or plates and comprising a bar and a movable presser to coact to grip a web, said presser having a rotary head, and a shoe to be engaged by said head, the head and the shoe being arranged to cause the presser to grip the web when the head first engages the shoe, the head thereafter sliding in contact with the shoe during the continued stroke of the bed, substantially as described."

We do not understand that it is contended that the patent is invalid. Apparently the particular combination of parts which it describes is not found in the prior art, and the important issue is infringement. The art, however, is a crowded one, and the patent must be narrowly construed. There can be no wide range of equivalents. Defendant's machine is not a Chinese copy of the machine of the patent. Parts of it are different in structure, in movement. and in positioning relative to each other from those of the patent. To determine whether or not

there is infringement, it must be determined whether these differing parts are equivalents of each other within the reasonable limits of equivalency which even 'a narrow patent covers. Do they severally perform the same function as those of the patent and in substantially the same way? That certainly is a question of fact.

At the close. of the case each side asked for the direction of a verdict on this seventh claim, and neither asked to go to the jury on the case generally, or on any question in it. The trial judge found that the parts of defendant's machine were (where not identical) the equivalents of the parts of the patented machine, enumerated as the elements of claim 7, and that defendant's device infringed that claim. A writ of error does not bring up any question of fact for review, and we must accept the findings of the trial court on all such questions. See our opinion in Heide v. Panoulias, 188 Fed. 920, 110 C. C. A. 656.

[1] We cannot assent to the proposition, contended for by defendant, that when an action at law is brought to recover damages for infringement of a patent, and validity, title, and infringement is proved, but plaintiff is unable to prove some specific amount of actual damages, without availing of inadmissible conjectures, he cannot recover nominal damages, but must submit to a dismissal of his complaint, and be compelled to try the same issues over again in a suit in equity.

[2] Judgment was entered against Benjamin Reis. The record contains no testimony showing that he was personally concerned in any way with the infringement complained of. All that appears is that he was an officer and director of the company. This is not sufficient. Hutter v. De Q. Bottle Stopper Co., 128 Fed. 286, 62 C. C. A. 652.

[3] Exception was reserved to a refusal to admit in evidence a patent to one Dubois under which defendant's machine is made. The application for this patent was made nearly a year subsequent to the issue of the patent in suit. The opinion in Blanchard v. Putnam, 75 U. S. (8 Wall.) 420, 19 L. Ed. 433, would seem to indicate that such exclusion was proper, but later decisions of the Supreme Court establish the proposition that the issuance of a later patent for a defendant's structure is a circumstance which may be considered in determining whether or not such structure infringes on earlier patents. Miller v. Manufacturing Company, 151 U. S. 208, 14 Sup. Ct. 310, 38 L. Ed. 121; Boyd v. Tool Company, 158 U. S. 260, 15 Sup. Ct. 837, 39 L. Ed. 973. See, also, Ransom v. Hyatt, 69 Fed. 149, 16 C. C. A. 185; Illinois Steel Company v. Kilmer Mfg. Co. (C. C.) 70 Fed. 1015; Walker on Patents, § 532. Whether or not this Dubois patent, if admitted, would have induced a different decision of the question of infringement, we cannot say. Therefore we cannot hold that its exclusion was a harmless error.

The judgment is reversed.