## UNITED STATES v. TWO BASKETS.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

No. 60.

**1. APPEAL AND ERROR (§ 994*)—REVIEW—EVIDENCE.**

Where a party's knowledge of certain facts is the question at issue, and he testifies that he has no knowledge, an appellate court cannot, as a matter of law, reject such testimony altogether, and accept only inconsistent statements.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3901–3906; Dec. Dig. § 994.*]

**2. APPEAL AND ERROR (§ 997*)—TRIAL (§ 177*)—REVIEW—FINDINGS OF FACT.**

Where both parties move for a directed verdict, it leaves all issues of fact for determination by the trial judge, and on review the appellate court must accept his findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4023, 4024; Dec. Dig. § 997;* Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

**3. CUSTOMS DUTIES (§ 130*)—CONCEALING DUTIABLE ARTICLES IN BAGGAGE—FORFEITURE.**

Rev. St. §§ 2799, 2802 (U. S. Comp. St. 1901, pp. 1872, 1873), which require any person arriving in the United States to make entry of articles claimed as baggage or tools, and subjecting any dutiable article found in his baggage and not so entered to forfeiture, do not apply where the claimant is ignorant of the fact that such articles are on board.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 296–315; Dec. Dig. § 130.*]

This cause comes here upon writ of error to review a final decree of the District Court, Southern District of New York, entered upon the verdict of a jury directed by the court dismissing a libel of information. The libel was filed against two baskets or hampers and their contents of merchandise, which the collector had seized upon their being landed from the Kaiser Wilhelm der Grosse at the port of New York. The baskets had been checked as baggage at Bremen by their owner, Blell, who came as a second cabin passenger.

Henry A. Wise, U. S. Atty., and A. S. Pratt, Asst. U. S. Atty., both of New York City.

F. E. Hamilton, of New York City, for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. This is a proceeding for a forfeiture of the merchandise contained in the two baskets, under sections 2802 and 2799, U. S. Rev. Statutes (U. S. Comp. St. 1901, pp. 1873, 1872); it being charged, and not denied, that Blell failed to enter the merchandise on his written declaration or to mention them to the customs officers.

[1] The excuse offered by him was that he did not know these baskets were on board; that he had checks for them as items of baggage, but supposed they were coming by a later steamer. Elsewhere in his testimony he made statements which were apparently inconsistent with this assertion; there was other testimony which might support the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

inference that he had good reason to suppose the baskets were on board. This made a conflict of testimony on an issue of fact, which was a proper one for submission to the jury. We cannot assent to the proposition of the government that where a party's knowledge of certain facts is the question at issue and he testifies that he has no knowledge, an appellate court can, as a matter of law, reject his testimony altogether and accept only inconsistent statements.

[2] At the close of the trial the plaintiff moved the court to direct a verdict for the government, which motion was denied and exception reserved. Thereupon the claimant moved the court to direct a verdict in his favor, which was done. The government excepted to such direction, but did not ask to go to the jury upon the whole case, or upon any question in it. In a recent opinion (Reis v. Rosenfeld, 204 Fed. 282, March, 1913) we had a similar situation presented and held that this left the determination of all issues of fact to the trial judge; and that upon review (other than in equity and admiralty suits) such questions of fact are not brought before the appellate court, which must accept the findings of the trial court thereon.

[3] Manifestly, upon this record there was a conflict of evidence upon the issue of fact whether or not claimant knew that the baskets were on board and both sides asked the trial judge to determine it. His direction of a verdict indicates that he decided that issue in favor of the claimant. That finding we cannot review and, since we are clearly of the opinion that the provisions of the sections cited do not apply where the claimant is ignorant of the fact that the merchandise is on board, the judgment should be affirmed.