SAMPLINER v. MOTION PICTURE PATENTS CO. et al.

(Circuit Court of Appeals, Second Circuit.   February 3, 1919.)

No. 13.

1. TRIAL ⬩148—SUBMISSION OF ISSUES—REQUESTS.
    Where plaintiff's counsel, on both parties moving for a directed verdict, contended there were no jury questions, denial of his motion to submit issues of fact, "if any there be," to the jury, does not constitute reversible error.

2. TRIAL ⬩177—MOTION FOR DIRECTED VERDICT—EFFECT.
    If both parties request a directed verdict, issues of fact need be submitted to the jury only where there are controverted questions of fact upon which the court has not made findings pursuant to submission by the parties.

3. APPEAL AND ERROR ⬩859—SCOPE OF REVIEW—WRIT OF ERROR.
    Findings of fact are not reviewable on writ of error, as only questions of law are open.

In Error to the District Court of the United States for the Southern District of New York.

Action by Joseph H. Sampliner against the Motion Picture Patents Company and others.   A judgment for defendants (243 Fed. 277) was affirmed (255 Fed. 242, —— C. C. A. ——).   On application for rehearing.   Denied.

Rogers & Rogers, of New York City (Gustavus A. Rogers and Saul E. Rogers, both of New York City, John G. White and C. A. Neff, both of Cleveland, Ohio, and Joseph Walker Magrauth and Nathan Frankel, both of New York City, of counsel), for plaintiff in error.

Seabury, Massey & Lowe, of New York City (Samuel Seabury, William M. Seabury, and Frank De R. Storey, all of New York City, of counsel), for defendants in error Smith and Vitagraph Co. of America.

George F. Scull (Robert H. McCarter, of Newark, N. J., of counsel), for defendants in error Thomas A. Edison, Inc., Dyer, and Pelzer.

Coudert Bros., of New York City (Samuel Seabury and Charles B. Samuels, both of New York City, of counsel), for defendants in error Berst and Pathé Frères.

Charles F. Kingsley, of New York City, for defendants in error Motion Picture Patents Co., Kennedy, Marvin, and Biograph Co.

Gifford, Hobbs & Beard, of New York City (Alfred P. W. Seaman, of New York City, of counsel), for defendant in error Kalem Co., Inc.

Dwight McDonald, of New York City, for defendant in error Waters.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge.   An application is made for a rehearing in this case.   The application must be denied, and in denying it we shall state the ground of the application and the reason for denying it.

In our original decision we held that the plaintiff was not entitled to recover, inasmuch as at the conclusion of the trial both sides had

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

moved for the direction of a verdict, and the court, acceding to the request, had found as a fact that the plaintiff purchased this cause of action with intent to sue thereon. That, having been found as a fact, was decisive of the case, because the law in our opinion does not permit an attorney to maintain a cause of action which he has purchased from his client with intent to sue thereon.

The plaintiff, however, now applies for a rehearing, and contends that the trial court had no legal authority to make any finding of fact at all. It appears that after the defendants closed their case their counsel moved for the direction of a verdict on the ground that the plaintiff had not shown title to this cause of action, and also "on the ground that it now affirmatively appears from the evidence in this case that the agreement under which the plaintiff assumed to bring this cause of action is champertous and void."

Thereupon counsel for the plaintiff asked whether the court cared to hear argument and was told that he did not, as he had examined the brief on both sides and studied the case with great care. Then there followed at some length a colloquy between court and counsel, only a portion of which need now be stated:

Mr. Rogers, counsel for the plaintiff, said:

"If your honor is going to grant the motion for a direction of a verdict, I will take a formal objection to it; but my request is that, if your honor is going to find for the defendant, it be a nonsuit to the plaintiff's cause of action. I think that is as far as your honor can go."

He also said:

"But, your honor, I submit there aren't any questions of fact on which to go to the jury. I submit the matter is purely a matter of law for your honor to determine, and I think the question whether the agreement is or is not champertous is one of law for the court."

Thereupon the following occurred:

"The Court: Well, Mr. Rogers, you may either rest on the motion of the defense and take an exception to such ruling as I make, if it should be adverse, or you can ask to go to the jury. That is entirely for you to determine.

"Mr. Rogers: Well, if there are any questions of fact to be disposed of, your honor, I ask to go to the jury upon the questions of fact.

"Mr. Seabury: I think he should specify, and not put a hypothetical motion.

"The Court: I cannot have any 'ifs.' If you think, under section 973 of the Code, the court has no right to make a direction, and you are right about it, you will have a good exception; if, on the other hand, the court is right, your exception will be addressed, not to the question of practice, but to the substantive questions in the case.

"Mr. Rogers: Then, your honor, may I state my position on the record?

"The Court: Yes, certainly.

"Mr. Rogers: The defendant having moved for a direction, in order to preserve the plaintiff's rights, I beg leave to state my position on the record with the permission of the court.

"My understanding is that the question is one of law, to be passed upon by the court from the facts adduced. If, however, it is necessary, in order to preserve the plaintiff's rights, that I make a request to go to the jury, I ask to go to the jury upon the question as to whether or not the plaintiff took an assignment of the cause of action thereon, and whether the assignment to him was bona fide for an antecedent indebtedness.

"The Court: The court cannot take conditional offers. Counsel is at liberty, if so advised, to request to go to the jury, and the court will rule.

"Mr. Rogers: Then I move for a direction, your honor, for the plaintiff, upon the issue framed under your honor's order, on the ground the defendant has failed to make out the defense set up in the answer, to wit, that the plaintiff purchased this cause of action; that is the defense that is set up, and I desire to call your honor's attention particularly to the form of the defense as pleaded. The defense is that this plaintiff's title is void, because he purchased this cause of action with the intent to sue thereon. It now appears uncontradicted, from the evidence, that, instead of having purchased this cause of action, it was assigned to him under a bona fide assignment for an antecedent indebtedness owing to him for services which he had performed for the corporation.

"The Court: Both sides having moved for a direction of a verdict, I find as a fact that the plaintiff purchased this cause of action with intent to sue thereon.

"I find as a fact, also, that the so-called assignment, Plaintiff's Exhibit No. 1, was executed by the Lake Shore Company, through its officers, pursuant to action at a special meeting of the board of directors."

The court, having thus disposed of the facts, proceeded at some length to express his view of the law, and concluded by directing a verdict for the defendants. Thereupon the counsel for plaintiff said:

"I except to the direction, and I also except to your honor's refusal to allow the case to go to the jury on the questions of fact, if any there be."

The jury then found a verdict in favor of the defendants as directed by the court. The jury was then excused and the counsel for the plaintiff stated that he excepted to the verdict being received, as the direction of a verdict in favor of the defendants was not authorized by the statute or the practice, and that the court's power was limited merely to declaring a nonsuit.

[1] It thus appears that counsel's position at the time was that there were no questions of fact on which to go to the jury, and that the question involved was a pure matter of law for the court to determine. This position, as the above extracts show, he reiterated in the course of the ensuing discussion, saying again:

"My understanding is that the question is one of law. to be passed upon by the court from the facts adduced."

In his application for a reargument he abandons that position, and relies upon the case of Empire State Cattle Co. v. Atchison, Topeka & Santa Fé Ry. Co., 210 U. S. 1, 28 Sup. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70, the syllabus of which he sets up as follows:

"The fact that each party asks for a peremptory instruction to find in his favor does not submit the issues of fact to the court, so as to deprive either party of the right to ask other instructions and to except to the refusal to give them, or to deprive him of the right to have questions of fact submitted to the jury where the evidence on the issues joined is conflicting or divergent inferences may be drawn therefrom. Beuttell v. Magone, 157 U. S. 154 [15 Sup. Ct. 566, 39 L. Ed. 654], distinguished."

The case cited recognizes the right of a party who has asked the court to direct a verdict to subsequently ask the court to have questions of fact submitted to the jury "where the evidence on the issues joined is conflicting or divergent inferences may be drawn therefrom." But to make it error to refuse to allow the matter to go to the jury

after asking for the direction of a verdict it is evident that there must be questions of fact which can be submitted; and counsel twice declared in most positive terms in open court that there were no such questions of fact, and in his petition he fails to state what the questions of fact are which a jury could pass upon. His exception is to the refusal to allow the case to go to the jury on the questions of fact, "if any there be." If unable himself to state what possible questions of fact there were to be submitted to the jury, he is in no position to ask for a reversal because of the refusal of the judge to submit what did not exist. After informing the court that "there aren't any questions of fact on which to go to the jury," he cannot ask this court to reverse the judge, who was as unable as counsel to see what questions of fact remained for a jury to pass upon.

In Reis v. Rosenfeld, 204 Fed. 282, 122 C. C. A. 480, this court held, Judge Lacombe writing the opinion, that where at the close of the case each side asked for the direction of a verdict, and neither asked to go to the jury on the case generally, or on any question in it, this court would have to accept the findings of the trial court on all such questions.

In United States v. Two Baskets, 205 Fed. 37, 123 C. C. A. 310, both sides moved the court to direct a verdict, and a verdict was directed in favor of the claimant, whereupon the government excepted to such direction, but did not ask to go to the jury upon any question in it, and this court held, Judge Lacombe again writing the opinion (and the suit not being in equity or admiralty), that the appellate court must accept the findings of the trial court.

[2] The above cases are consistent with the doctrine announced by the Supreme Court in the Empire State Cattle Company Case as we understand that case. We are quite agreed that a request preferred by both parties that the court direct a verdict is not in all cases conclusive, so as to deprive a party of his right to have questions of fact submitted to the jury. We only hold that in order that the party may exercise that right there must be questions of fact to submit, and that the parties are concluded as to the particular questions of fact which they have submitted to the court, and upon which the court has made its findings.

[3] This court is not at liberty to review the findings upon the facts, as the case is not in equity, nor in admiralty, but is in this court upon writ of error, which brings up only errors of law.

Application denied.