## ANDUJAR v. HANI.

(Circuit Court of Appeals, Second Circuit.  November 16, 1921.)

### No. 32.

**1. Appeal and error ⬯⬯996—Construction of contract held one for interpretation by court.**

Where the ultimate difference between the parties to a contract of sale of ships was no more than differing inferences drawn from the same words, and each party demanded that the court interpret the writings, leaving to the jury nothing but an assessment of damages, a finding of the court that there was no meeting of the minds of the parties must be accepted on appeal; an inference from admitted facts being itself a fact.

**2. Evidence ⬯⬯450(8)—Ambiguity held to exist in sale contract.**

A cablegram concerning purchase of ships, "Make payments deposit New York joint names, payable to sellers as follows: First payment hundred thousand dollars immediately; second payment hundred thousand dollars on arrival steamers New York; third payment, four hundred thousand dollars on delivery title deeds"—answered by cable of seller, "Accept your proposal," *held* ambiguous, in that it cannot be determined whether seller was immediately entitled to the $100,000, or whether it was to be placed under the joint control of seller and purchaser until delivery of the title deeds, etc., and other evidence was admissible.

**3. Shipping ⬯⬯27—Meaning of contract held for court.**

Construction of an accepted offer for purchase of ships to "make payments deposit New York joint names, payable to sellers as follows: First payment hundred thousand dollars immediately," etc., *held* a question for the court, and not the jury; the difference between the parties being whether or not the seller was entitled to immediate possession of the first $100,000, the words "joint names" and "immediately" being plain enough, singly considered.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Anthony Andujar against Jean Hani.  Judgment for defendant, and plaintiff brings error.

Masten & Nichols, of New York City (Arthur H. Masten, of New York City, of counsel), for plaintiff in error.

Frederic R. Coudert, Howard Thayer Kingsbury, and Thomas W. Kelly, all of New York City, for defendant in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. This writ raises no point of pure law, but questions the application made by the trial judge of a plain legal rule to a set of facts fully proven or admitted.  The rule of law is that the interpretation or construction of written documents is for the court, and the substance of the assignments of error insisted on is, first, that the court erred in finding any ambiguity in certain writings

<hr>

⬯⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

set forth and admitted in the pleadings; and, second, in holding, even after erroneously admitting other written communications between the parties, that no contract had been made, because their minds had never met.

Action is for breach by vendee of an alleged contract to purchase certain steam vessels. There was no talk between the parties, who were unknown to each other, and separated by the Atlantic Ocean. Their communications were by cable, and largely through brokers or agents; but, as the agency is admitted, we shall speak as though the plaintiff and defendant exchanged telegrams. Complaint alleges that the contract sued on was completed by, and stated in a cable sent by Hani in Paris to Andujar in New York, as follows:

"Have received only one telegram from you. Pleased hear everything in conformation. Accept. Make payments deposit New York joint names, payable to sellers as follows: First payment hundred thousand dollars immediately; second payment, hundred thousand dollars on arrival steamers New York; third payment, four hundred thousand dollars on delivery title deeds to my bank when alterations one-half completed and transfer secured with Veritas certificate highest classification; last payment when boats completed and on delivery with flag transferred. Confirm instanter."

To this plaintiff replied at once, "Accept your proposal * * * as contained in your telegram as follows," and then wired back to Hani verbatim the message above set forth. Defendant thereupon deposited in New York $100,000, to the joint order of an agent of Andujar and the Chase National Bank, as his own agent. This was in July, 1917, during the World War, and when cable communication was delayed and untrustworthy; but it is not alleged nor proved that the two messages above referred to were in any way changed or mistakenly transmitted.

The steamers, which were the subject of contract, had Cuban registry, and admittedly it was part of the scheme that they were to come to New York, be proved by inspection as fit for a good rating, and transferred to the French flag; but in July, 1917, they were still in Cuban waters. As soon as the $100,000 was in New York, Andujar demanded it; Hani would not permit the Chase Bank to pay it over, holding that the delivery of title papers and classification (rating) certificates were prerequisites thereto. Thereupon Andujar brought this action, alleging as breach refusal to pay over the $100,000, and obtained jurisdiction over Hani, by attaching the money or credits aforesaid. Hani appeared, by counterclaim set up the same contract as he conceived it, and demanded damages from Andujar, alleging as breach that the latter had refused to bring the vessels to New York.

At the close of evidence, it appears by clerk's minutes that each party moved for a directed verdict. This was true (as is shown by the so-called bill of exceptions; i. e., the stenographer's minutes) in the sense that each demanded that the court interpret the exchanged cable messages as did the demandant, leaving to the jury nothing but an assessment of damages. The difference between opposing counsel was that plaintiff insisted on the subject-matter of interpretation as no more than the two cables pleaded, while plaintiff extended the same to a long

line of messages, some obviously full of errors, and many delayed, so that the order of sending remained quite uncertain.

The court directed a verdict for defendant on complaint, and for plaintiff on counterclaim, giving opinion declaring (in substance) that this result was reached, because, there being ambiguity in the pleaded messages, it was his opinion on the explanatory evidence that the minds of the parties had never met on the vital points of the times and methods of payment, for Andujar intended to get $100,000 forthwith, while Hani intended merely to deposit payments in New York, and give Andujar nothing but joint control over such deposits, until title and rating had been satisfactorily established.

[1, 2] This ultimate difference between the parties was no more than differing inferences drawn from the same words. A plainer case for interpretation is hard to imagine, and, since both litigants formally submitted the point to the court, decision here might be rested on the familiar rule as to the effect of joint motions for direction (United States v. Two Baskets, 205 Fed. 37, 123 C. C. A. 310; Wilson v. Knowles, 213 Fed. 782, 130 C. C. A. 440), for an inference from admitted facts is itself a fact (In re Pierce, etc., Co., 246 Fed. 814, 159 C. C. A. 116). But we go further, and hold that ambiguity, in the sense of lack of plain words, exists in the pleaded telegram; for "make payments deposit New York joint names, payable to sellers as follows: First payment $100,000 immediately," etc., cannot mean "make payments to sellers as follows: First payment $100,000 immediately," and, unless it does mean that, the plaintiff is wrong. "Joint names" must mean something; the primary meaning is joint control, and if the duty of Hani or his agent was merely to join in paying Andujar, the phrase means nothing.

[3] It is quite true that a ruling which destroyed plaintiff's pleaded contention seemed favorable to defendant's theory of the relations of parties. But we are not concerned with the logic of that situation, for no writ has been taken by defendant; the lower court's action on the counterclaim is not before us. When the whole line of cables between these men is considered, we have no doubt of the correctness of the ruling made. There was no comprehension by either party of the other's position on the fundamentals of the bargain they were trying to make. Plaintiff sought to take one paper of many, and say to defendant: These words are so plain that you must abide by them; their meaning is too apparent for other or further evidence. Bijur, etc., Co., v. Eclipse, etc., Co., 243 Fed. 500, 603, 156 C. C. A. 298. We agree that such plainness of meaning does not exist. Nor, since the words (singly considered) are plain enough, did the ambiguity, by itself, give any right to refer the matter to the jury, had that been requested. The meaning, or lack of it, was for the court. First National Bank v. Pipe, etc., Co. (C. C. A.) 273 Fed. 105, 107.

Judgment affirmed, with costs.