## UNITED STATES v. DONALDSON–SHULZ CO.

(Circuit Court, E. D. Virginia. December 30, 1905.)

JUDGMENT—RES JUDICATA—COMPELLING REMOVAL OF OBSTRUCTION—EFFECT OF ACQUITTAL IN CRIMINAL PROSECUTION.

A judgment of acquittal in a criminal prosecution for obstructing a navigable stream, instituted by the United States under section 12, Act March 3, 1899, c. 425, 30 Stat. 1151 [U. S. Comp. St. 1901, p. 3542], is a bar to a suit in equity brought by the United States under said section against the same defendant to compel the removal of the same structure.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1077, 1078, 1309, 1310.]

In Equity. On plea.

L. L. Lewis, U. S. Atty.

Herbert I. Lewis and Isaac Diggs, for respondent.

WADDILL, District Judge. This is a bill in equity filed by the United States against the Donaldson-Shulz Company, a corporation doing business under the laws of Virginia, asking a mandatory injunction to require said defendant to remove a certain wharf and obstruction described in the bill from the waters of Urbanna creek, a navigable stream of the United States, to the extent that the same obstructs the navigable capacity of said creek, pursuant to the provisions of sections 10 and 12 of the act of Congress of 3d March, 1899, entitled:

"An act making appropriations for the construction, repair, and preservation of certain public works on rivers and harbors, and for other purposes." Chapter 425, 30 Stat. 1151 [U. S. Comp. St. 1901, pp. 3541, 3542].

By way of defense, the defendant appeared and interposed its plea of res judicata, averring that in a certain criminal prosecution for the identical question raised in the bill it had already been impleaded by the United States—that is to say, the extension of its wharves into the channel of Urbanna creek a few feet (described as "seven and a half feet or more" in the bill, and "ten feet" in the indictment) —and that after being so indicted and impleaded upon a plea of not guilty a jury sworn to try the issue joined rendered, on the 16th day of January, 1905, a verdict of not guilty, on which verdict judgment was duly entered by the United States District Court for the Eastern District of Virginia; that the effect of such verdict and judgment was an acquittal and discharge of, and concerning, the cause of action set forth in the bill, and an adjudication that said wharf was not an obstruction of said stream; that such verdict and judgment remained wholly unreversed; and that the points of controversy in both causes were identical and the said trial was upon the merits. Said plea was, on motion of the United States attorney, set down for argument, which presents for the consideration of the court the single question of whether or not the acquittal in the criminal case for the obstruction of the navigable stream aforesaid is a bar to its suit in equity subsequently instituted by the government for the removal of said obstruction; the question of fact raised by the plea being admitted upon the motion made by the government.

The fact that a judgment in a criminal case can be pleaded in bar of a civil action instituted by the government, involving the same state of facts, would seem to be too well settled to admit of serious controversy. Gelston v. Hoyt, 3 Wheat. 246, 4 L. Ed. 381; The Palmyra, 12 Wheat. 1, 14, 6 L. Ed. 531; Coffey v. United States, 116 U. S. 436, 442–443, 6 Sup. Ct. 437, 29 L. Ed. 684; United States v. Zucker, 161 U. S. 475, 482, 16 Sup. Ct. 641, 40 L. Ed. 777. Where an issue is raised in a civil suit at the instance of the government as to the existence of an act or fact denounced, and the same has been previously tried in a criminal proceeding instituted by the United States, and a judgment of acquittal rendered in favor of the defendant, such judgment is conclusive in favor of such defendant on any subsequent trial of the civil suit by the United States, where, as against the defendant, the existence of the same act or fact is the matter in issue. The case of Coffey v. United States, supra, will be found to contain a comparatively recent review of this subject, in which many of the authorities are collated, and in the opinion of the court is conclusive of this case. In answer to the contention made here for the government against the conclusiveness of the judgment in a criminal forum, Mr. Justice Blatchford, speaking for the court (page 443 of 116 U. S., page 440 of 6 Sup. Ct. [29 L. Ed. 684]), said:

"It is urged as a reason for not allowing such effect to the judgment that the acquittal in the criminal case may have taken place because of the rule requiring guilt to be proved beyond a reasonable doubt, and that on the same evidence, on the question of preponderance of proof, there might be a verdict for the United States, in the suit in rem. Nevertheless, the fact or act has been put in issue and determined against the United States; and all that is imposed by the statute, as a consequence of guilt, is a punishment therefor. There could be no new trial of the criminal prosecution after the acquittal in it; and a subsequent trial of the civil suit amounts to substantially the same thing, with a difference only in the consequences following a judgment adverse to the claimant. When an acquittal in a criminal prosecution in behalf of the government is pleaded, or offered in evidence, by the same defendant, in an action against him by an individual, the rule does not apply, for the reason that the parties are not the same; and often for the additional reason that a certain intent must be proved to support the indictment, which need not be proved to support the civil action. But upon this record, as we have already seen, the parties and the matter in issue are the same."

Counsel for the government cites Stone v. United States, 167 U. S. 178, 17 Sup. Ct. 778, 42 L. Ed. 127, and insists that the same sustains the contention made against the plea. A careful review of that case will be found to contain nothing inconsistent with the views herein expressed, and the same was by the court distinguished from cases of the kind under consideration here. The issue in that case was whether a defendant who had been acquitted in a criminal case, charging him with unlawfully, willfully, and feloniously cutting and removing timber from lands of the United States, knowing the same to be the property of the United States, could in a subsequent suit by the government be held liable for the conversion of the government's property to his own use. The defendant might innocently have taken the property of the government, and in many ways become possessed thereof, which would have made him liable for its conversion, without having criminally acquired the same, and the de-

termination of the one issue did not necessarily involve the other.

Counsel for the defense further present the question of whether or not under the provisions of section 12 of the act of Congress aforesaid the government can proceed by way of injunction until after it has been first ascertained in a criminal prosecution that the obstruction exists. This position cannot be said to be entirely without merit; but it need not be determined in this case, since manifestly the act of Congress does not mean that the government may proceed by bill in equity to remove from the navigable waters of the United States what has theretofore been ascertained not to be an obstruction in a criminal proceeding inaugurated by it.

It follows from what has been said that the defendant's plea will be sustained, and the bill dismissed.