ARKANSAS VALLEY SUGAR BEET & IRRIGATED LAND CO. v. FT. LYON CANAL CO.

(Circuit Court of Appeals, Eighth Circuit. October 11, 1909.)

No. 2,852.

1. STIPULATIONS (§ 14*)—RULES OF CONSTRUCTION.
   A stipulation to settle controversies or to assist a court in deciding them ought not to be discouraged by a narrow and unreasonable construction that would defeat the manifest intention of one of the parties, acceded to by the other.
   [Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

2. CORPORATIONS (§ 506*)—RIGHTS OF STOCKHOLDERS—WHEN NECESSARY PARTIES TO SUIT.
   Under Rev. St. Colo. 1908, § 865, which provides that each stockholder of a corporation shall have the right to nominate directors to be voted for, and to vote the number of shares held by him for as many directors as are to be chosen, or to cumulate the same upon one or more candidates, and that directors shall not be elected in any other way, the right to elect directors is a right of the stockholders as such, as distinguished from the corporation, and the validity of a contract made by the corporation, giving another corporation the right to select a certain number of its directors, should not be determined in a suit to which the stockholders are not parties, otherwise than as represented by the corporation.
   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 506.*]

Appeal from the Circuit Court of the United States for the District of Colorado.

Suit in equity by the Ft. Lyon Canal Company against the Arkansas Valley Sugar Beet & Irrigated Land Company. From a decree for complainant, defendant appeals. Modified and affirmed.

Platt Rogers (John F. Shafroth and Frank E. Gregg, on the brief), for appellant.

Robert S. Gast (Alva B. Adams and H. L. Lubers, on the brief), for appellee.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before HOOK and ADAMS, Circuit Judges, and PHILIPS, District Judge.

HOOK, Circuit Judge. This was a suit by the Ft. Lyon Canal Company to compel the Arkansas Valley Sugar Beet & Irrigated Land Company to comply with a contract by delivering to complainant annually from a reservoir a certain quantity of water for use in its irrigating system. According to a stipulation of the parties, made after the issues were joined, a decree was entered giving complainant what it desired and retaining jurisdiction of the cause for the determination of a defense set up in the answer. Upon further hearing a decree went against defendant as to the matter deferred, and it prosecuted this appeal.

The complainant was incorporated in 1897, under the laws of Colorado, for the purpose of owning and operating what was formerly known as the "La Junta & Lamar Canal System" and the distribution of water for the irrigation of lands lying under its ditches. The canal and appurtenant properties had been involved in litigation, and were in charge of a receiver appointed by the district court of Prowers county, Colo. The new company, the complainant, was organized with the approval of that court. Its shareholders were the owners of the water rights that had been granted, and it received possession of the canal system from the receiver at the court's direction. The canal extended from the headgate on the north bank of the Arkansas river for more than 100 miles through the counties of Otero, Bent, and Prowers, in the state of Colorado. On December 19, 1896, the Great Plains Water Storage Company was organized to develop certain reservoir sites for the storage of water to be used in another canal system in Bent and Prowers counties, and it was found advisable to use part of complainant's property. So, on October 29, 1897, a contract was entered into whereby the Storage Company secured the perpetual use jointly with complainant of that part of the latter's canal extending from the headgate at the river a distance of about 40 miles, in consideration of which the Storage Company enlarged and improved the same at a great expense. The contract also provided that in a certain contingency, which afterwards came to pass, the Storage Company should enlarge and complete for service a reservoir belonging to complainant and thereafter they should use it jointly, the complainant to have therefrom for its own use a fixed proportion of the water stored there. This contract, with some exceptions not material here, was in the same terms as a prior contract between the Storage Company and the receiver, who executed it upon the order of the state court. The defendant company, appellant here, is a New Jersey corporation, and is the successor in interest of the Storage Company.

It was set forth in the bill that, although the 40 miles of complainant's canal had been improved and defendant was enjoying the use of it, neither the defendant nor its predecessor, the Storage Company, had developed the reservoir, but, on the contrary, had diverted the waters which should have gone there into a reservoir of their own, and complainant was denied all use and benefit thereof. It was alleged that the development of its reservoir as agreed upon was essential to

complainant's business and was the principal consideration for the contract. The first decree of the trial court pursuant to the stipulation satisfied complainant in this particular by giving it an equal quantity of water from one of defendant's reservoirs. The matter left open for future determination was a defense based upon a provision of the contract that the part of the canal in question when enlarged, and the reservoir when developed and in use, should be in the joint control and management of the contracting parties, and for that purpose the Storage Company should have the right to designate two owners of rights to water under complainant who should be elected annually as two of the five members of complainant's board of directors. For two or three years no controversy arose over this provision, but finally a majority of complainant's shareholders refused to vote for the nominees of the Storage Company. Defendant urged this as a defense to complainant's demand for specific performance of the other provisions of the contract. As already observed, the decree of the trial court upon this matter was against the defendant, and its counsel say the question on this appeal is:

"Should the Ft. Lyon Canal Company and its stockholders elect as directors of said company two of the stockholders of said company designated by the appellant?"

The complainant argues that this question cannot now be entertained, because the first decree gave it the water it was demanding, and therefore fully disposed of the case, since defendant did not assert its grievance by way of cross-bill for affirmative relief. But the defendant in effect contended in its answer that it ought not in equity to be required to do more than it had already done, as long as complainant itself refused to abide by the contract; and we think the purpose of the stipulation was that complainant should have the much-needed water from the reservoir, subject, however, to the ultimate determination of the defense urged by defendant. By the first decree the court retained jurisdiction of the cause, and we have no doubt that, if the remaining question had been finally and rightly decided in defendant's favor, the continuance of complainant's right to water from the reservoir could have been made to depend upon its compliance with the decision. This was the spirit of the stipulation, and the court's procedure in the cause left room for its observance. A stipulation to settle controversies, or to assist a court in deciding them, ought not to be discouraged by a narrow and unreasonable construction, that would defeat the manifest intention of one of the parties, acceded to by the other. Obviously it was the intention here that there should be a decision upon the defense, and that in some appropriate way the decision should be made effective.

It is debatable, however, whether under the terms of the contract the defendant was entitled to demand the election of its nominees as members of complainant's board of directors before it had both enlarged the canal and developed the reservoir. There was default as to the latter when the suit was begun. Again, were it not complicated by the orders of the state court respecting the making of the contract, it would be an interesting question whether the provision relating to

the designation of directors is consistent with public policy. Com‑plainant is not a mere business concern for private profit, but, in a lim‑ited sense, is a quasi public corporation, endowed by the Colorado law (Mills' Ann. St. §§ 616, 1716) with the power of eminent domain, and charged with the performance of specific duties. That a part of its governing board should, under mere contract to that effect, be dictated by another corporation, irrespective of any stockholding interest, at once attracts attention. Manifestly the relations between complain‑ant and defendant as the successor of the Storage Company are such as to present points of conflict of interest. Their interests and the wel‑fare of their respective stockholders are at times quite likely to be di‑vergent. The present litigation furnishes an illustration of this, if any were needed. The pleadings show that, especially in times when the water supply is insufficient for the needs of all, acute differences are likely to arise. It is altogether right for corporations to contract for the joint control and management of properties upon which each has expended its funds and in the operation of which they are mutually interested; but it is not usually done by allowing one to dictate the se‑lection of members of the other's board of directors, which under the law (Rev. St. 1908, § 865) has the management of its corporate affairs, its duties to the state and its own stockholders, and its business rela‑tions with other corporations. Such a course is quite distinguishable from the pooling by stockholders of their stock for a lawful purpose, or the creation of a voting trust for a limited time, such as have been upheld by some of the courts. The complainant owns and op‑erates property and has many affairs in which the defendant has no interest growing out of the joint maintenance and use of part of the canal and the reservoir, yet the contract purports to give defendant the perpetual right to nominate two of its five directors. The effect in this particular case would be to give defendant, as the successor of the Storage Company the power to dominate and control the com‑plainant, so far as a board of directors can do so; for the record shows that, aside from the provision in the contract, the defendant was en‑abled, by a cumulative voting of stock which it controlled, to elect as members of complainant's board of directors two persons whom it had not nominated under the contract.

We think, however, these questions should not be determined in the absence of the stockholders. Minnesota v. Northern Securities Company, 184 U. S. 199, 235, 22 Sup. Ct. 308, 46 L. Ed. 499; Weiden‑feld v. Northern Pacific, 129 Fed. 305, 63 C. C. A. 537. The statute of Colorado (Laws 1895, p. 150, c. 66; Rev. St. 1908, § 865) provides that each stockholder shall have the right to nominate directors to be voted for, and that he shall have the right to vote the number of shares held by him for as many directors as are to be chosen, or may cumu‑late the same upon one or more candidates. It is also specifically provided that the directors shall not be elected in any other way. Under such a statute the selection of the directors of a corporation belongs to the stockholders as such. It is in a sense an individual right in them, as distinguished from a power of the corporation in its single, aggregate capacity. A corporation is not in every case sufficiently a

representative of its stockholders to enable a court in their absence to pronounce judgment directly affecting their rights and interests. Weidenfeld v. Northern Pacific, supra. The right to vote for directors and the measure of it are specifically prescribed by the law under which complainant was organized, and do not proceed from any act, contract, or by-law of the corporation. In Brewster v. Hartley, 37 Cal. 15, 99 Am. Dec. 237, it was said:

"The exercise of this power having been regulated by the statute, the corporation cannot, by its by-laws, resolutions, or contracts, either give or take it away. Where the statute is silent in this respect, the election of the directors, like the election or appointment of subordinate officers, would be subject to the regulation and control of the corporation; but, the statute having expressly declared who shall be entitled to vote for directors, its provisions are imperative upon the corporation, constituting a part of the law of its being, and the corporation has no authority to extend or limit the right as regulated by the statute."

The clause of the contract before us is in effect a limitation upon the right conferred by the Colorado statute upon the stockholders, and when it is sought to be enforced, and its validity is drawn in question, it would seem that the stockholders themselves should be present otherwise than by the corporation which made the contract. That the stockholders may also have individually contracted respecting the matter does not affect this conclusion. It does not enlarge the representative character of the corporation, nor alter the necessity of the presence of those whose individual rights are to be affected. However, the denial of relief to defendant should be without prejudice to a future proceeding, in which the matter may be appropriately litigated and determined.

As so modified, the decree is affirmed.