## UNITED STATES v. ONE FAGEOL TRUCK (WHITE CO., Claimant.)

(Circuit Court of Appeals, Ninth Circuit. February 7, 1927.)

### No. 4518.

Internal revenue ⚖➔46—Libel against truck, not showing driver was prosecuted for violation of liquor law, held to state cause of action for forfeiture (National Prohibition Act [Comp. St. § 10138¼ et seq.]; Comp. St. § 6352).

Libel against automobile truck in the usual form, not showing that driver was prosecuted for transporting liquor, in violation of National Prohibition Act (Comp. St. § 10138¼ et seq.), held to state cause of action for forfeiture, under Rev. St. § 3450 (Comp. St. § 6352).

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Libel by the United States against one Fageol truck, license No. 55916, engine No. 34822, its tools and appurtenances, claimed by the White Company. Decree sustaining exceptions to the libel, and libelant appeals. Reversed and remanded.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Melvin, Dingley & Stevick, of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

PER CURIAM. The libel or information in this case is in the usual form, and, inasmuch as it does not appear from the record that the driver of the truck was prosecuted with effect, or at all, for transporting intoxicating liquor in violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.), the libel states a cause of action for forfeiture under section 3450 of the Revised Statutes (Comp. St. § 6352). United States v. One Ford Coupé Automobile, 47 S. Ct. 154, 71 L. Ed. ——, and Port Gardner Investment Co. v. United States, 47 S. Ct. 165, 71 L. Ed. ——, decided by the Supreme Court, November 23, 1926.

The ruling of the court sustaining exceptions to the libel was therefore erroneous, and for this error the decree is reversed, and the cause is remanded for further proceedings.