**COLLATERAL INV. CO. v. UNITED STATES.**

(Circuit Court of Appeals, Ninth Circuit. February 7, 1927.)

No. 4643.

Intoxicating liquors ☞247—Automobile in which liquor was illegally transported is subject to forfeiture, driver not having been prosecuted (Comp. St. § 6352).

Driver of automobile not having been prosecuted for illegal transportation of liquor, the machine is subject to forfeiture, under Rev. St. § 3450 (Comp. St. § 6352).

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

Libel by the United States for forfeiture of an automobile. Judgment of forfeiture, and the Collateral Investment Company, intervener, brings error. Affirmed.

Hamblen & Gilbert, of Spokane, Wash., for plaintiff in error.

H. E. Ray, U. S. Atty., and Wm. H. Langroise, Asst. U. S. Atty., both of Boise, Idaho.

Before GILBERT and RUDKIN, Circuit Judges.

PER CURIAM. No claim is made in this case that the driver of the truck was prosecuted with effect, or at all, under the National Prohibition Act (Comp. St. § 10138¼ et seq.) for the transportation of intoxicating liquor in violation of law, and the automobile was therefore subject to forfeiture under section 3450 of the Revised Statutes (Comp. St. § 6352). United States v. One Ford Coupé Automobile, 47 S. Ct. 154, 71 L. Ed. ——; Port Gardner Investment Co. v. United States (decided by the Supreme Court November 23, 1926) 47 S. Ct. 165, 71 L. Ed. ——.

Judgment affirmed.