**QUALTOP BEVERAGES, Inc., v. MacCAMPBELL, Acting Prohibition Administrator for Western Judicial District of New York.**

District Court, W. D. New York. November 7, 1927.

**1. Intoxicating liquors ☞108(10)—Suit to review action of commissioner in revoking permit is triable de novo, and parties may introduce new evidence (National Prohibition Act, tit. 2, §§ 5, 9 [27 USCA §§ 14, 21]).**

Proceeding under National Prohibition Act, tit. 2, §§ 5, 9 (27 USCA §§ 14, 21), to review action of Commissioner in revoking permit, is a suit in equity, triable de novo, and the parties are not restricted to the evidence produced before the Commissioner.

**2. Judgment ☞648—Judgment of acquittal of permittee renders invalid revocation of permit on same charges.**

Where a permittee was tried and acquitted on the same charges which were the ground for revocation of his permit, the judgment in the criminal case establishes conclusively that such grounds did not exist.

In Equity. Suit by the Qualtop Beverages, Inc., against Andrew MacCampbell, Acting Prohibition Administrator for the Western Judicial District of New York, to review decision revoking complainant's permit. Reversed.

Doyle & Corcoran, of Rochester, N. Y. (Eugene J. Dwyer, of Rochester, N. Y., of counsel), for complainant.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., of counsel), for defendant.

ADLER, District Judge. This is an action in equity, brought under sections 5 and 9, tit. 2, of the National Prohibition Act (27 USCA §§ 14, 21), for the review of the decision of the acting prohibition administrator revoking complainant's permit.

[1] The defendant raises the question that this action does not entitle the complainant to introduce a new defense, after neglecting to do so at the hearing. The revocation proceeding was held on February 15, and March 5, 1927, and at the close of the government's case the permittee elected to introduce no evidence. A criminal proceeding was pending against the complainant, its officers, and others, involving the matters testified to by the government's witnesses on the hearing, and it has been explained that the complainant did not wish to disclose at that time the details of the defense it expected to make in the criminal case.

The government's contention that the statute providing for a review (sections 5 and 9) should be narrowly construed, was fully discussed in O'Sullivan v. Potter (D. C.) 290 F. 844, by Judge Anderson. His conclusions, as therein indicated, are that the permittee has unrestricted right to a trial de novo. This case was followed very shortly thereafter by the case of Schnitzler v. Yellowle (D. C.) 290 F. 849, in which the opinion was written by Judge Campbell, of the Eastern district of New York, in which he adopts the conclusion that it is a trial de novo, citing the opinion of Judge Anderson in O'Sullivan v. Potter. In Hoell v. Mellon (D. C.) 4 F.(2d) 859, Judge Inch, in the Eastern district of New York, on the same question, uses the language: "This Schnitzler Case, therefore, makes the present law of this district, and I follow the decision of Judge Campbell."

The nature of the proceedings contemplated by the statute, instituted as they must be by a bill in equity, and taking on in consequence all of the forms and attributes of a trial, compel their conduct according to all of the rules attendant upon a trial. While the language of the statute is that the court may affirm, modify, or reverse the findings of the Commissioner, as the facts and the law of the case may warrant, there is no provision in the law for a certification to the court of the proceedings taken before the Commissioner. There is no way in which the facts can be brought before the court in the equity action, except by the introduction of evidence de novo, and every bit of the testimony must be so introduced. There is no prohibition in the statute against the introduction of evidence that was not present before the Commissioner for one reason or another, or for

the introduction of newly discovered evidence.

Following the reasoning of the cases above cited, it appears to be the clear intendment of the law to give the aggrieved permittee the opportunity for a complete review, not only of the determination of the Commissioner, but all the facts upon which the Commissioner made his determination, and any additional facts which the Government or the permittee are able to present to the court. [2] The government further contends that the judgment of acquittal, together with the testimony in the criminal trial involving the complainant and its officers, is not res adjudicata, and, further, that they should be given no weight in establishing any of the facts relied upon in the review of the determination of the Commissioner. The government relies upon the case of Caserta v. Mills, decided by Judge Knox, in the Southern district of New York, on August 2, 1927. The Caserta Case did not come before the court by bill of equity, but was a motion by plaintiff for preliminary relief, upon which motion permittee contended that, in view of his prosecution and acquittal, the court should, prior to a final hearing upon the complaint, immediately reinstate plaintiff's permit.

In that case the plaintiff had his alcohol permit revoked, and subsequently was acquitted by a jury in a criminal proceeding. The revocation was made upon the alleged sales which formed the basis of the criminal prosecution. The permittee had not chosen to take advantage of the provision which the statute makes for the review of the determination of the Commissioner, but sought to get a restoration of his permit by application to the court on motion. The court denied the motion for preliminary relief, and, referring to the action of the administrator, says: "His judgment in this respect must be independent, subject only to the provisions which the statute makes for review of his actions." The court also says: "The judgment of acquittal is not sufficient, upon the theory of res adjudicata, to affect the Commissioner's action in revoking the permits"—and cites Stone v. United States, 167 U. S. 178, 17 S. Ct. 778, 42 L. Ed. 127.

In that case it was held that, in order to convict the defendant in the criminal case, it was necessary to prove criminal intent on his part. Because the government failed to convict in the criminal case, it did not forfeit its right to the timber it sought to recover for in the civil action which followed, because the government could recover in the civil case if it proved simply that the timber was the property of the United States whether the defendant knew that fact or not. The court said: "It cannot be said that any fact was conclusively established in the criminal case, except that the defendant was not guilty of the public offense with which he was charged."

The leading case on the question of the effect of judgment of acquittal is Coffey v. United States, 116 U. S. 436, 6 S. Ct. 437, 29 L. Ed. 684. In that case, at page 444 (6 S. Ct. 441), it was held: "The judgment of acquittal in the criminal proceeding ascertained that the facts which were the basis of that proceeding, and are the basis of this one, and which are made by the statute the foundation of any punishment, personal or pecuniary, did not exist." "This doctrine is peculiarly applicable to a case like the present, where, in both proceedings, criminal and civil, the United States are the party on one side and this claimant the party on the other." And at page 445 (6 S. Ct. 441) is quoted with approval the rule laid down in Rex v. Dutchess of Kingston, 20 Howell's State Trials, 355–538: "The judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea a bar, or as evidence conclusive, between the same parties, upon the same matter, directly in question in another court, and the judgment of a court of exclusive jurisdiction, directly upon the point, is in like manner conclusive upon the same matter, between the same parties, coming incidentally in question in another court for a different purpose." It was there decided that a judgment of acquittal, where the parties and the matter in issue is the same, ascertains once and for all the facts which were the basis of the proceeding.

So in the instant cases the verdict in the criminal proceeding determined the question of the existence of certain facts, and in another proceeding between the same parties these facts cannot be litigated again as the basis of any statutory punishment denounced as a consequence of the existence of the facts.

We are now called upon to review the determination of the prohibition administrator in the light of the evidence presented to the court in the equity proceeding, both on the part of the government and the permittee. The permittee presented the record and testimony taken in the criminal proceeding, with some testimony explanatory of the reason why no evidence was given in defense at the time of the hearing. The government presented the record of the testimony and the proceedings before the hearing Commissioner, and offered no additional testimony.

The charges in the citation, which were sustained by the hearing officer, and upon which the recommendation was made that the permit of the complainant be revoked and canceled, which findings were approved by the acting prohibition administrator, and the permit duly revoked, were the following:

(1) The disposal of 25 barrels of beer, containing more than one-half of 1 per cent. of alcohol by volume, between October 28, 1926, and October 29, 1926.

(2) Placing of this beer in kegs and allowing same to leave factory premises on dates specified.

(3) On dates specified allowed beer containing more than one-half of 1 per cent. of alcohol by volume to be in and pass through racking room and racking machine.

(4) Premises inclosed by a fence more than six feet in height.

Charges 1, 2, and 3 were distinctly and clearly the basis of the criminal action in that case. The judgment of acquittal in the criminal action ascertained that those facts, which were the basis of that proceeding and which were made by the statute the foundation of punishment, did not exist. Coffey v. United States, supra.

If these three facts are eliminated from the findings of the Commissioner, there remains only one additional fact on which the revocation of the permit can be based. That is the one that the premises are inclosed by a fence more than six feet high. The agent testified that the gate was about eight feet high.

The conclusion that I have reached is that the judgment of acquittal disposes of charges 1, 2, and 3. Charge 4 and the testimony on it before the Commissioner would not, I think, standing alone, warrant the revocation of the permit, and without the other charges, which were properly before him at the time he made his decision, the Commissioner would probably not have ordered the permit canceled.

The finding of the Commissioner is reversed.