**604**

UNITED STATES v. ONE 1935 MODEL PON-
TIAC SEDAN AUTOMOBILE,
MOTOR No. 6-11834.

No. 280.

District Court, W. D. Kentucky, at Owens-
boro.

July 22, 1936.

Bunk Gardner, Dist. Atty., and G. Old-
ham Clarke and Eli H. Brown, III, Asst.
Dist. Attys., all of Louisville, Ky., for the
United States.

Louis Igleheart, of Ownesboro, Ky.,
for claimant.

HAMILTON, District Judge.

Under the stipulated facts in this case,
on September 25, 1935, investigators for
the Alcohol Tax Unit, Bureau of Internal
Revenue, near Wheatcroft, Webster coun-
ty, Ky., seized a 1935 model Pontiac sedan
automobile, motor No. 6-11834, Kentucky
license No. 336-445, and found in the car
51 gallons of untaxpaid whisky, and on the
same date and at the same time the in-
vestigators arrested Irvin Hobgood for re-
moving, depositing, and concealing the
whisky in the car. Subsequently, Hobgood
was indicted for this offense, and on
November 26, 1935, on trial before a jury,
was acquitted. The car was retained in
custody by the government agents, and on
October 16, 1935, these proceedings were
instituted for its forfeiture under the
provisions of 26 U.S.C.A. c. 20, § 1441, R.
S. § 3450.

On November 27, 1935, Ammanell Mar-
tin filed a claimant's petition alleging she
was the owner of the automobile sought
to be forfeited and that about September
25, 1935, some one unknown to her, wrong-
fully and without her consent, took the
car from her possession and used it, and
while it was being so used, the nontaxpaid
liquor was found therein and the car
seized. On May 6, 1936, she filed an
amended petition denying that Irvin Hob-
good was the person who had taken the
car, and further alleging that Hobgood had
been indicted for so using the car in the
transportation and concealment of liquor
and had subsequently been acquitted of the
offense. She plead the acquittal as a bar
to the forfeiture proceedings.

The parties agree that the court may
decide the case on the following stipulated
facts:

"2. On September 25, 1935, and before
instituting this libel proceeding, said auto-
bile was used in the removal of and for
the deposit and concealment of fifty-one
(51) gallons of untaxpaid distilled spirits
consisting of whiskey, for and in respect
whereof a tax is imposed and had become
due and payable under section 600 of Rev-
enue Act of 1918 as amended by title 1 of
the Liquor Taxing Act of 1934 [48 Stat.
313, § 2, 26 U.S.C.A. § 1150(a), subd. (1)
and note] and in respect whereof the tax
had not been paid and contrary to the
form of the statute in such cases made and
provided and particularly contrary to sec-

tion 3450 of the Revised Statutes of the United States.

"3. On November 25, 1935 Irvin Hobgood was indicted by the Grand Jury in this District for removing, depositing and concealing said quantity of untaxpaid whiskey in the aforementioned automobile in violation of the Internal Revenue Laws of the United States; and that on November 26, 1935, he was tried for said offense and a jury returned a verdict of 'Not Guilty.'

"4. That if the Court hold as a matter of law that it is not necessary for the libellant to allege and prove that the person in charge of the car at the time it was being used, to remove, deposit and conceal untaxpaid whiskey has been convicted of an offense in connection therewith, it is stipulated and agreed that the Court may give judgment in favor of the United States of America against the aforesaid automobile, its equipment and its accessories and that the same shall be forfeited to the United States of America for the violation of the law.

"It is further agreed that if the Court hold as a matter of law that in order for the libellant to prevail, it must allege and prove that the person in charge of the car at the time of the seizure was convicted of an offense in connection therewith, then the Court, in that event, shall enter judgment returning said car to the intervening petitioner upon payment by her of all expenses incurred by the United States incident to the seizure and forfeiture of said car and pay all costs in this action."

No facts are stipulated as to the car being taken from the possession of the claimant without her knowledge and consent and thereafter used for the concealment of nontaxpaid spirits.

It will be noted from the stipulation that the parties undertake to submit to the court for its decision, a question of law which does not arise out of the stipulated facts, and while the stipulation is inaptly drawn, I will, though not compelled to do so, answer the legal question propounded, that "as a matter of law, it is not necessary for the libellant to allege and prove that the person in charge of the car at the time it was being used to remove, deposit and conceal untaxpaid whiskey, has been convicted of an offense in connection therewith."

It has long been settled that under section 3450 of the Revised Statutes, the vehicle is the offender and forfeiture may be had if a guilty intent on the part of him who operates it is shown, although no person is convicted of the offense involved or even prosecuted. United States v. One Ford Coupé Automobile, 272 U.S. 321, 351, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025; General Motors Acceptance Corporation v. United States (C.C.A.) 40 F.(2d) 599, 600; National Surety Company v. United States (C.C.A.) 17 F.(2d) 372; United States v. One Fageol Truck (C.C.A.) 17 F.(2d) 373; Collateral Investment Company v. United States (C.C.A.) 17 F.(2d) 374.

Paragraph 4 of the stipulation would seem to be an attempt to limit the power of the court to determine one of the issues raised in the pleadings and concerning which the facts are stipulated in paragraphs 2 and 3, that is, that the acquittal of Hobgood under the indictment is a bar to a forfeiture for the same offense. However, I am of the opinion it was the intention of the parties that there should be a decision upon the defense raised in the pleadings. Arkansas Valley Sugar Beet & Irrigated Land Company v. Fort Lyon Canal Co. (C.C.A.8) 173 F. 601, 605.

In any event, paragraph 4 of the stipulation is an agreement concerning the legal effect of admitted facts. The court cannot be controlled by agreement of counsel on a subsidiary question of law even though the parties have so stipulated. Swift & Co. v. Hocking Valley Railway Company, 243 U.S. 281, 290, 37 S.Ct. 287, 61 L.Ed. 722.

Counsel for the libelant insists that if the decision of the court is not to be confined to the proposition of law stated in paragraph 4, that I should take judicial notice of the Hobgood indictment which shows a contradiction of the stipulation in that the indictment named four defendants, any one of whom, other than Hobgood, could have used the car for the concealment of the liquor, and, further, that the indictment was for a violation of R. S. § 3296, as amended 26 U.S.C.A. c. 4, § 404 (see 26 U.S.C.A. § 1287), and 48 Stat. 316, § 201, 26 U.S.C.A. § 267 (see 26 U.S.C.A. § 1152a), Liquor Taxing Act of 1934.

The court will not take judicial notice of prior proceedings between the same parties in the same court. Questions in the nature of res adjudicata are often close and disputable, and when it is claimed prior proceedings or previous suit con-

606

trol a later one, parties should have notice and an opportunity to be heard concerning them before trial. Divide Creek Irrigation District v. Hollingsworth (C.C. A.) 72 F.(2d) 859, 96 A.L.R. 937; Paridy v. Caterpillar Tractor Company (C.C.A.) 48 F.(2d) 166; Withaup v. United States (C.C.A.) 127 F. 530, 531.

I may say in passing that if the record in the criminal action came within the rule of judicial notice, my conclusion would not be different. While the indictment named four defendants, the ultimate facts in that case showed that Hobgood was the only defendant charged with having the automobile in which the nontaxpaid liquor was concealed. His codefendants were on the premises, from which it was claimed Hobgood obtained the liquor and placed it in the car.

The stipulated facts (paragraphs 2 and 3) are the same ultimate facts submitted to the jury in the criminal proceeding, which resulted in the acquittal of Hobgood.

In the case of Coffey v. United States, 116 U.S. 436, 445, 6 S.Ct. 437, 441, 29 L. Ed. 684, a forfeiture was sought of certain liquors, appliances, and equipment used in the illicit manufacture of liquor after the defendant had been acquitted of a criminal charge under the same state of facts. The court, in holding the criminal action a bar to the forfeiture proceedings, said: "The judgment of acquittal in the criminal proceeding ascertained that the facts which were the basis of that proceeding, and are the basis of this one, and which are made by the statute the foundation of any punishment, personal or pecuniary, did not exist. This was ascertained once for all, between the United States and the claimant, in the criminal proceeding, so that the facts cannot be again litigated between them, as the basis of any statutory punishment denounced as a consequence of the existence of the facts. This is a necessary result of the rules laid down in the unanimous opinion of the judges in the case of Rex v. Duchess of Kingston, 20 How. State Tr. 355, 538, and which were formulated thus: The judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar, or as evidence, conclusive, between the same parties, upon the same matter, directly in question in another court; and the judgment of a court of exclusive jurisdiction, directly upon the point, is, in like manner, conclusive upon the same matter, between the same parties, coming incidentally in question in another court for a different purpose. In the present case the court is the same court, and had jurisdiction, and the judgment was directly on the point now involved, and between the same parties."

Compare Chantangco v. Abaroa, 218 U. S. 476, 481, 31 S.Ct. 34, 54 L.Ed. 1116; Chin Kee v. United States (D.C.) 196 F. 74, 75; Chitwood v. United States (C.C. A.) 178 F. 442, 443; United States v. Meyerson (D.C.) 24 F.(2d) 855, 856; United States v. Donaldson-Shulz Co. (C. C.) 142 F. 300, 301; Qualtop Beverages v. MacCampbell (D.C.) 22 F.(2d) 417, 418; National Surety Co. v. United States (C. C.A.) 17 F.(2d) 369; United States v. Seattle Brewing & Malting Co. (D.C.) 135 F. 597, 598; United States v. One Distillery (D.C.) 43 F. 846, 852; United States v. Gully (D.C.) 9 F.(2d) 959.

I see no alternative here but to sustain the petition of the claimant and to dismiss the information and return to the claimant the automobile seized on the payment by her of all the expenses incurred by the United States incident to the seizure and forfeiture of said car, and all the costs in this action as provided under 49 Stat. 878, U.S.C.A. 27, § 40a(c).