## COFFEY v. UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF KENTUCKY.

Argued December 10, 1885.—Decided January 18, 1886.

A judgment of forfeiture, on an information *in rem*, for a violation of the
internal revenue laws, filed by the United States, in a Circuit Court of the
United States, after a seizure of the *res* on land, was rendered after a gen-
eral verdict. On a writ of error by the claimant, there being no bill of
exceptions: *Held*, that questions as to the sufficiency of the information,
and the regularity of the proceedings, not having been formally raised in
the Circuit Court, could not be raised in this court.

After a specific denial, by answer, of the allegations of the information, the
claimant cannot, in a court of error, on such a record as that above men-
tioned, be heard to say that he did not know the charge made in the infor-
mation and could not defend against it.

After a general verdict, one good count in the information is sufficient to up-
hold the judgment, on such a record.

The Circuit Court had jurisdiction of the suit.

The claimant set up, by answer, a prior judgment of acquittal on a criminal
information against him by the United States, in the same Circuit Court,
founded on the same sections of the Revised Statutes sued on in this suit,
and alleged that such criminal information contained charges of all of the
violations of law alleged in the information in this suit. There was a gen-
eral demurrer to the answer. After the general verdict for the United States,
the claimant moved for judgment *non obstante veredicto*. The motion was
denied. There was no bill of exceptions. On a writ of error: *Held*, That, al-
though one section counted on in the information declared, as a consequence of
the commission of the prohibited act (1) that certain specific property should
be forfeited, and (2) that the offender should be fined and imprisoned, yet,
as the issue raised as to the existence of the act or fact had been tried in a
criminal proceeding against the claimant, instituted by the United States,
and a judgment of acquittal rendered in his favor, that judgment was con-
clusive in his favor in this suit; and that the judgment of the Circuit Court
must be reversed, and the case be remanded, with a direction to enter a
judgment for the claimant, dismissing the information, and to take proper
proceedings in regard to restoring the property attached.

This was an information filed by the attorney of the United
States for the District of Kentucky, on behalf of the United
States, in the Circuit Court for that District, against 10 barrels
of apple brandy, 1 apple mill, 37 tubs, and 2 copper stills, said

to be the property of A. G. Coffey, and under seizure, on land, by a deputy collector of internal revenue, as being forfeited to the United States. The first count of the information alleged that Coffey, being engaged in carrying on the business of a distiller, defrauded, and attempted to defraud, the United States of the tax on part of the spirits distilled by him, and that the two copper stills and other distillery apparatus were used by him, and the distilled spirits were found on his distillery premises. The second count alleged that the distilled spirits, in respect of which a tax was imposed by law, and which tax had not been paid, were removed, deposited and concealed with intent to defraud the United States of part of such tax, and that the two stills and other distilling apparatus, vessels, and utensils were proper, and intended to be made use of, for and in the making of such distilled spirits. The third count alleged that the distilled spirits, on which a tax was imposed by law, were found in the possession of Coffey for the purpose of being sold and removed by him in fraud of the internal revenue laws, and with the design to avoid the payment of said tax, and that the two copper stills, and other tools and property, so seized, were in the place, yard, and enclosure where the distilled spirits were found.

The first count was founded on § 3257 of the Revised Statutes, which provides as follows: "Whenever any person engaged in carrying on the business of a distiller defrauds, or attempts to defraud, the United States of the tax on the spirits distilled by him, or of any part thereof, he shall forfeit the distillery and distilling apparatus used by him, and all distilled spirits . . . found in the distillery and on the distillery premises, and shall be fined not less than five hundred dollars nor more than five thousand dollars, and be imprisoned not less than six months nor more than three years."

The second count was founded on § 3450 of the Revised Statutes, which provides as follows: "Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities, are removed, or are deposited or concealed in any

place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited. . . . And every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine or penalty of not more than five hundred dollars. . . ."

The third count was founded on § 3453 of the Revised Statutes, which provides as follows: "All goods, wares, merchandise, articles, or objects, on which taxes are imposed, which shall be found in the possession or custody, or within the control, of any person, for the purpose of being sold or removed by him in fraud of the internal revenue laws, or with design to avoid payment of said taxes, may be seized by the collector or deputy collector of the proper district . . . and shall be forfeited to the United States; . . . and all tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or enclosure, where such articles . . . are found, may also be seized by any collector or deputy collector, as aforesaid, and shall be forfeited as aforesaid. The proceedings to enforce such forfeitures shall be in the nature of a proceeding *in rem*, in the Circuit Court or District Court of the United States for the district where such seizure is made."

Under a monition and attachment the marshal arrested the property and gave the notice required by law. Coffey filed a claim to all the property except one barrel of the distilled spirits, as owner, and an answer to the information. The answer denied the allegations of the three counts of the information, and in a fourth paragraph set up the following defence: "Fourth. And further answering, the said claimant states, that the alleged removals and concealments of distilled spirits set forth in the various assignments and charges of fraud, and attempts at and intent of fraud, in carrying on and engaging in the business of a distiller, and in removals, disposing, and concealing of distilled sprits, alleged against him

and now answered, are the same removals, concealments, and depositing, and same carrying on of business of a distiller, as are recited in a criminal information filed against him, at the October term of this court, 1881, and that all of said ' removals,' ' concealments,' ' depositing,' and ' intents to defraud,' the same complained of in plaintiffs' information herein, might have been established, if said allegations be true, under sections 3450, 3452, 3296, or 3257, upon which or some one or more of which the counts in said criminal information were based ; that all of the evidence which would be necessary to establish, and competent, under the various assignments and charges of fraud set out in plaintiffs' libel herein, would also be competent and would tend to establish the allegations of said criminal information ; that the various charges of fraud and causes of forfeiture alleged by plaintiffs herein relate to the same subject-matter, and are based on the same transactions, as the various allegations in said criminal information contained, so far as they relate to alleged offences under sections 3450, 3452, 3453, 3296, or 3257 ; and that, at the time when said criminal information was drawn by the attorney for the United States, and at the time it was considered by him, all of the facts which would be competent to sustain the allegations of plaintiffs' libel herein were known to and within the possession of the representative of the United States. And he avers and says, that the United States ought not to maintain its action herein for the penalty denounced in sections 3257, 3450, and 3453, for, at the October term, 1881, in this circuit and district and in this court herein, a criminal information, the same above referred to, was found against him, the counts of which were based on sections 3257, 3256, 3450, 3453, and 3296, or on some one or more of them, alleging the carrying on the business of a distiller with intent to defraud the United States, and that he was concerned in depositing, concealing, and removing a large quantity of distilled spirits, with intent to defraud the United States of the taxes imposed thereon, and having had in his custody a large quantity of distilled spirits, with the design to avoid the payment of the taxes imposed thereon ; that the counts in said criminal information contained the same charges,

in substance and effect, and are the same allegations of offences and frauds, and attempts at frauds, and are founded on the same sections of the statutes of the United States, as the matters and things herein alleged in plaintiffs' libel; and he says that all and singular of said matters at said term and in this court were tried and inquired into and fully heard, and, on the hearing thereof, the jury, duly empanelled and sworn, found this defendant not guilty, and the court rendered a judgment acquitting this defendant of the charges of frauds and attempts at frauds therein alleged; and all of which are the same frauds now set out by plaintiffs and herein answered by this defendant."

The sections referred to in this fourth paragraph of the answer, other than those above set forth, are as follows:

"Sec. 3256. Whenever any person evades, or attempts to evade, the payment of the tax on any distilled spirits, in any manner whatever, he shall forfeit and pay double the amount of the tax so evaded or attempted to be evaded."

"Sec. 3296. Whenever any person removes, or aids or abets in the removal of, any distilled spirits on which the tax has not been paid, to a place other than the distillery warehouse provided by law, or conceals or aids in the concealment of any spirits so removed, or aids or abets in the removal of any distilled spirits from any distillery warehouse, or other warehouse for distilled spirits, authorized by law, in any manner other than is provided by law, or conceals or aids in the concealment of any spirits so removed, he shall be liable to a penalty of double the tax imposed on such distilled spirits so removed or concealed, and shall be fined not less than two hundred dollars, nor more than five thousand dollars, and imprisoned not less than three months, nor more than three years."

"Sec. 3452. Every person who shall have in his custody or possession any goods, wares, merchandise, articles, or objects on which taxes are imposed by law, for the purpose of selling the same in fraud of the internal revenue laws, or with design to avoid payment of the taxes imposed thereon, shall be liable to a penalty of five hundred dollars, or not less than double the amount of taxes fraudently attempted to be evaded."

The United States filed a demurrer to the fourth paragraph of the answer, "because it does not state facts sufficient to constitute a defence."

Eight days afterwards the issues of fact were tried by a jury, which found a general verdict for the United States. The claimant then moved the court to set aside the verdict, alleging as grounds, among others, that the court had no jurisdiction, and that the information was insufficient. He also moved for judgment on the pleadings, notwithstanding the verdict. The court made an order denying the motions, and entering a judgment condemning the property as forfeited to the United States, and awarding costs against Coffey. There was no bill of exceptions, but the claimant sued out a writ of error to review the judgment.

*Mr. G. C. Wharton Mr. T. T. Alexander* and *Mr. Samuel McKee* for plaintiff in error submitted on their brief.

*Mr. Solicitor-General* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court. After stating the facts in the language reported above, he continued:

The assignment of errors filed in this court asserts these propositions: (1) that the information is not sufficient in law; (2) that the Circuit Court had no jurisdiction of the subject-matter of the action, or of the property seized, or of the person of the claimant; (3) that there was no sufficient monition, attachment or seizure of the property, and no legal publication and notice of the seizure, and no valuation of the goods, as required by law; (4) that it was error to submit the case to the jury before the demurrer to the fourth paragraph of the answer was disposed of; (5) that it was error to overrule said demurrer.

In regard to the 1st, 3d and 4th assignments, the questions presented by them were not formally raised in the Circuit Court, and are not presented by a bill of exceptions, and cannot be considered here.

As to the 1st assignment, that respecting the insufficiency of the information, it is supposed, by the claimant, that his motion for judgment, notwithstanding the verdict, raises that question. But there is no exception to the order of the court denying that motion. There is an exception to the written opinion of the court overruling a motion for a new trial, and to an order made, after judgment, overruling a motion made, after judgment, for a new trial. But, there is no other exception in the record. Assuming, however, that the point as to the information can be raised here, it is urged that the first count, that founded on section 3257, is insufficient because the count does not set forth the facts from which the court can infer that Coffey defrauded or attempted to defraud the United States. It is a sufficient answer to this objection to say, that the claimant, in his answer, denies the allegations of the first count, specifically, as they are made. After that, he cannot, in a court of error, on such a record as this, be heard to say that he did not know the charge made, and could not defend against it, although, if he had excepted or demurred to the count, the objection might have been presented for consideration. After a general verdict for the United States, one good count in the information is sufficient to uphold the judgment. *Coffey* v. *United States, ante,* 427.

The objection to the jurisdiction of the Circuit Court is overruled, in accordance with the decision in *Coffey* v. *United States, ante,* 427.

The principal question is as to the effect of the indictment, trial, verdict and judgment of acquittal set up in the fourth paragraph of the answer. The information is founded on §§ 3257, 3450 and 3453 ; and there is no question, on the averments in the answer, that the fraudulent acts and attempts and intents to defraud, alleged in the prior criminal information, and covered by the verdict and judgment of acquittal, embraced all of the acts, attempts and intents averred in the information in this suit. The question, therefore, is distinctly presented, whether such judgment of acquittal is a bar to this suit. We are of opinion that it is.

It is true that § 3257, after denouncing the single act of a dis-

tiller defrauding or attempting to defraud the United States of the tax on the spirits distilled by him, declares the consequences of the commission of the act to be (1) that certain specific prop-, erty shall be forfeited : and (2), that the offender shall be fined and imprisoned. It is also true that the proceeding to enforce the forfeiture against the *res* named must be a proceeding *in rem* and a civil action, while that to enforce the fine and imprisonment must be a criminal proceeding, as was held by this court in *The Palmyra*, 12 Wheat., 1, 14. Yet, where an issue raised as to the existence of the act or fact denounced has been tried in a criminal proceeding, instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, that judgment is conclusive in favor of such person, on the subsequent trial of a suit *in rem* by the United States, where, as against him, the existence of the same act or fact is the matter in issue, as a cause for the forfeiture of the property prosecuted in such suit *in rem.* It is urged as a reason for not allowing such effect to the judgment, that the acquittal in the criminal case may have taken place because of the rule requiring guilt to be proved beyond a reasonable doubt, and that, on the same evidence, on the question of preponderance of proof, there might be a verdict for the United States, in the suit *in rem.* Nevertheless, the fact or act has been put in issue and determined against the United States; and all that is imposed by the statute, as a consequence of guilt, is a punishment therefor. There could be no new trial of the criminal prosecution after the acquittal in it; and a subsequent trial of the civil suit amounts to substantially the same thing, with a difference only in the consequences following a judgment adverse to the claimant.

When an acquittal in a criminal prosecution in behalf of the Government is pleaded, or offered in evidence, by the same defendant, in an action against him by an individual, the rule does not apply, for the reason that the parties are not the same; and often for the additional reason, that a certain intent must be proved to support the indictment, which need not be proved to support the civil action. But upon this record, as we have already seen, the parties and the matter in issue are the same.

Whether a conviction on an indictment under § 3257 could

be availed of as conclusive evidence, in law, for a condemnation, in a subsequent suit *in rem* under that section, and whether a judgment of forfeiture in a suit *in rem* under it would be conclusive evidence, in law, for a conviction on a subsequent indictment under it, are questions not now presented.

The conclusion we have reached is in consonance with the principles laid down by this court in *Gelston* v. *Hoyt*, 3 Wheat., 246. In that case Hoyt sued Gelston, the collector, and Schenck, the surveyor, of the port of New York, in trespass, for taking and carrying away a vessel. The defendants pleaded that they had seized the vessel, by authority of the President, as forfeited for a violation of the statute against fitting out a vessel to commit hostilities against a friendly foreign power, and that she had been so fitted out and was forfeited. At the trial it was shown, that, after seizure, the vessel was proceeded against by the United States, by libel, in the United States District Court, for the alleged offence, and Hoyt had claimed her, and she was acquitted, and ordered to be restored, and a certificate of reasonable cause of seizure was denied. The defendants offered to prove facts showing the forfeiture. The trial Court excluded the evidence. In this court, the question was presented whether the sentence of the District Court was or was not conclusive on the defendants, on the question of forfeiture. This court held that the sentence of acquittal, with a denial of a certificate of reasonable cause of seizure, was conclusive evidence that no forfeiture was incurred, and that the seizure was tortious; and that these questions could not again be litigated in any forum.

This doctrine is peculiarly applicable to a case like the present, where, in both proceedings, criminal and civil, the United States are the party on one side and this claimant the party on the other. The judgment of acquittal in the criminal proceeding ascertained that the facts which were the basis of that proceeding, and are the basis of this one, and which are made by the statute the foundation of any punishment, personal or pecuniary, did not exist. This was ascertained once for all, between the United States and the claimant, in the criminal proceeding, so that the facts cannot be again litigated between

them, as the basis of any statutory punishment denounced as a consequence of the existence of the facts. This is a necessary result of the rules laid down in the unanimous opinion of the judges in the case of *Rex* v. *Duchess of Kingston*, 20 Howell's State Trials, 355, 538, and which were formulated thus : The judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar, or, as evidence, conclusive, between the same parties, upon the same matter, directly in question in another court; and the judgment of a court of exclusive jurisdiction, directly upon the point, is, in like manner, conclusive upon the same matter, between the same parties, coming incidentally in question in another court for a different purpose. In the present case, the court is the same court, and had jurisdiction, and the judgment was directly on the point now involved, and between the same parties.

In a case before Mr. Justice Miller and Judge Dillon, *United States* v. *McKee*, 4 Dillon, 128, the defendant had been convicted and punished under a section of the Revised Statutes, for conspiring with certain distillers to defraud the United States, by unlawfully removing distilled spirits without payment of the taxes thereon. He was afterwards sued in a civil action by the United States, under another section, to recover a penalty of double the amount of the taxes lost by the conspiracy and fraud. The two alleged transactions were but one ; and it was held that the suit for the penalty was barred by the judgment in the criminal case. The decision was put on the ground that the defendant could not be twice punished for the same crime, and that the former conviction and judgment were a bar to the suit for the penalty.

There ought to have been a judgment for the claimant on the demurrer to the fourth paragraph of the answer, notwithstanding the verdict, and, as the facts set forth in that paragraph were admitted by the demurrer, and constituted a defence to the suit,

*The judgment of the Circuit Court is reversed, and the case is remanded to that court, with a direction to enter a judgment for the claimant, dismissing the information, and to take such proceedings in regard to restoring the property attached as may be proper and not inconsistent with this opinion.*