## UNITED STATES v. 20 STRINGS SEED PEARLS, etc.

District Court, S. D. New York. July 3, 1929.

David P. Siegel, of New York City, for the motion.

Leon E. Spencer, of New York City, opposed.

L. HAND, Circuit Judge. The claimant moves for decree upon libel and answer. His theory is that the defense is good against both causes of forfeiture, one, under section 497 of the Tariff Act of 1922, the other, under section 593(b), 19 USCA §§ 369, 497. He seems to suppose that on such a motion the allegations of the answer must be taken as true. But this is obviously not the case, unless I can take judicial notice of matters of record on file in this court; that is, the proceedings in the criminal prosecution. These are not annexed to the answer and I have nothing before me but the allegations. If, however, I am free to take notice of the criminal prosecution it does not appear that the defense is a good one against the first cause of forfeiture, which is for failing to declare goods in the personal baggage of a passenger.

The Circuit Court of Appeals for this Circuit held in U. S. v. One Pearl Necklace, 111 F. 164, 56 L. R. A. 130, and Dodge v. U. S., 131 F. 849, that mala fides was not an element in such a forfeiture. In U. S. v. Two Baskets, 205 F. 37 (C. C. A. 2), the issue was whether the claimant knew that the baggage or merchandise was on board at all. It was held that they could not be forfeited if he did not, but this is not counter to Dodge v. U. S. It holds, not that a fraudulent intent is necessary under the first cause of forfeiture in suit, but that the penalty does not extend to cases where the passenger does not know that he has anything to declare. The distinction is plain between that and an intent to defraud.

The indictment was for fraudulent importation contrary to law. Scienter was a necessary element of this offense, and a dismissal of the indictment is not an estoppel against the first cause of forfeiture. Coffey v. U. S., 116 U. S. 436, 6 S. Ct. 437, 29 L. Ed. 684, only applies when the elements of the crime and the forfeiture are the same. Obviously this must be true, since the dismissal may have been for failure to prove exactly that element which was a part of the crime but not of the forfeiture.

Motion granted as to second cause of forfeiture; motion denied as to first cause of forfeiture.