## TWO CERTAIN FORD COUPÉ AUTOMOBILES (TUTEN, Intervener) v. UNITED STATES.

### No. 6008.

Circuit Court of Appeals, Fifth Circuit.

Oct. 30, 1931.

Julian C. Ryer, of Brooklyn, N. Y., for appellant.

Chas. L. Redding, U. S. Atty., of Savannah, Ga.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

By two separate libels, the appellee, the United States, sought the forfeiture of two Ford automobiles under section 3450 of the Revised Statutes (26 USCA § 1181). The libels were identical except as to the statement of the motor number of the automobile sought to be forfeited. Each alleged: (1) That on the 8th day of August, 1929, the described automobile was seized on land in the city of Savannah, Ga., by officers of the government, and is now in custody of the named prohibition administrator at Savannah, Ga.; (2) that at divers times throughout the period from January, 1929, to the date of seizure of said automobile, the exact dates being to libelant unknown, said vehicle was used in the removal, for the deposit and concealment, of intoxicating liquors, the same being distilled spirits on which the taxes imposed by law had not been paid, the same being commodities for and in respect whereof a tax is imposed, which said removal, deposit, and concealment in said vehicle were made for the purpose of and with the intent to defraud the United States of such tax; (3) on information and belief that said vehicle is the property of appellee, who now resides or formerly resided, at 1130 East Thirty-Eighth street, in the city of Savannah, Ga.; and (4) that, by reason of the use of said vehicle for the removal, deposit, and concealment of said intoxicating liquors, the said vehicle became subject to seizure and forfeiture to the United States. By leave of the court in each of the cases, the appellee intervened therein, and raised questions hereinafter referred to. On motion of the District Attorney, the court, over the objection of appellant, ordered the consolidation of the two cases, and they were tried together, with the result that judgments forfeiting the automobiles mentioned and ordering the sale of them were rendered.

The judgments are not subject to be reversed by reason of the consolidation of the causes. The causes were of like nature, and the libels indicated that the asserted right to forfeit was based upon alleged transactions so far connected as to make it appear to be reasonable to consolidate the causes, as authorized by statute. 28 USCA § 734. Furthermore, the record fairly negatives the conclusion that the appellant was prejudiced by the consolidation.

For the appellant, it was contended that the existence of the asserted right to forfeit was dependent upon the alleged seizures being lawful, and that she was entitled to show that the seizures deposed to were illegal by reason of the automobiles, at the time they were seized, being on the residence premises of the appellant, neither of them then having any intoxicating liquor in or on it, and the officers making the seizures having no warrant, and making the seizures while trespassing upon appellant's premises. The contention under consideration is not sustainable, if under federal law the automobiles were subject to be forfeited when they were seized by one having no authority to do so, and the United States adopted the seizures, which it could do with the same effect as if they had originally been made by one duly authorized. United States v. One Ford Coupé, 272 U. S. 321, 325, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; 12 R. C. L. 129; Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392.

Evidence showed the following: When the cars were seized, no liquor was found in or on either of them. So far as appears, no officer of the law had discovered

any one in the act of using either of the cars in transporting intoxicating liquor in violation of law, or that either of the cars was used for any unlawful purpose. Testimony of a witness for the appellee showed the following: While the witness formerly was in the liquor business with Chesly Tuten and others, he saw at different times, including the night of July 2, 1929, the two cars in question used for deposit therein and for concealing and hauling away at night from Dana Steven's place in •Liberty county to Savannah and another named place in Chatham county foreign whisky which had been brought by water at night in a boat, the captain of which, who was employed by Bailey and Tuten, had been ordered by Chesly .Tuten to get the liquor at West End in the Bahama Islands. There was evidence tending to prove that no inventories for intoxicating liquors had been received in the last three years at the custom house for the district which contains Liberty and Chatham counties and the city of· Savannah. There was no evidence tending to prove a state of facts which, under the provisions of section 26 of title 2 of the National Prohibition Act (27 USCA § 40), gives rise to a duty to proceed under that section for the forfeiture of an alleged offending vehicle. The evidence had no tendency to prove that, at or prior to the time of the seizures of the automobiles in question, any officer had discovered any person in the act of transporting in violation of law intoxicating liquor in either of those automobiles, or that any officer had an opportunity to seize intoxicating liquors transported or possessed by means of either of those automobiles or to arrest a person discovered in the act of transporting liquor therein. Where the state of facts disclosed is such that proceedings for the forfeiture of a vehicle because of an alleged illegal use of it are not required to be brought under section 26 of title 2 of the National Prohibition Act, it is open to the government to seek a forfeiture under another applicable statute. United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025.

The allegations of the libels showed the existence of a ground of forfeiture under section 3450 of the Revised Statutes (26 USCA § 1181), which provides that: "Whenever any goods * * * in respect whereof any tax is or shall be imposed * * * are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax * * * ev-ery * * * conveyance whatsoever * * *

used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited." Evidence adduced tended to prove that prior to the seizure each of the automobiles had been so used for the deposit or concealment of intoxicating liquors as to have the result of defeating the collection of taxes to which the liquors were subject. As above indicated, there was evidence to the effect that each of the automobiles was used for depositing or concealing therein whisky known to have been surreptitiously imported into the United States, which was subject to a tax collectible by the collector of customs (26 USCA § 245), while it was at or near the place where it was landed, and while it was being carried inland for illegal disposition. It is not to be doubted that an intent to defraud the government of a tax well may be inferred or implied from such evidence. Such an intent usually or ordinarily accompanies smuggling or the intentional facilitating of smuggling. General Motors Acceptance Corporation v. United States (C. C. A.) 40 F.(2d) 599.

The forfeiture proceedings being· civil in their nature, it was not necessary to prove beyond a reasonable doubt the material allegations of the libels. Lilienthal's Tobacco v. United States, 97 U. S. 237, 267, 24 L. Ed. 901; Coffey v. United States, 116 U. S. 436, 6 S. Ct. 437, 29 L. Ed. 684; The Good Templar (D. C.) 97 F. 651.

A charge requested by the appellant and refused contained the following statement: "The court further instructs the jury as to the taxes upon intoxicating liquors or distilled spirits, that the burden is upon the Government to show what particular distilled spirits or intoxicating liquors were concealed, deposited or removed, what the tax, if any, thereon was." That statement imported, or well might have been understood by the jury to import, that it was incumbent on the government to prove what particular kind of distilled spirits were concealed, deposited, or removed, the amount or quantity thereof, and the amount of the tax to which it was subject. Nothing in the statute indicates a purpose to make the right to forfeit on a ground prescribed dependent upon the production of evidence of such details. Because the requested instruction contained the quoted statement, the court was justified in refusing to give it, whether other statements contained therein were or were not correct and proper to be given in charge to the jury.

The record showing no reversible error, the judgments are affirmed.