## UNITED STATES v. ONE 1935 MODEL PONTIAC SEDAN AUTOMOBILE.

### No. 7808.

Circuit Court of Appeals, Sixth Circuit.

June 28, 1939.

Eli H. Brown, III, of Louisville, Ky., (Bunk Gardner, U. S. Atty., and Eli H. Brown, III, Ass't. U. S. Atty., both of Louisville, Ky., on the brief), for the United States.

No brief was filed for appellees.

Before HICKS, ALLEN, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

The United States of America, pursuant to R.S. § 3450, 26 U.S.C.A. § 1441, instituted a libel proceeding against an automobile alleged to have been used by one Irvin Hobgood in the removal and concealment of whiskey, with intent to defraud the government of taxes. In due time, one Ammanell Martin, claiming to be the owner of the car, filed an intervening petition opposing its forfeiture. In an amendment to her petition, she denied that the automobile had been used by Hobgood as charged by the government; alleged that, subsequent to the filing of the libel, Hobgood had been acquitted in a criminal prosecution for the offense charged; and alleged that such judgment is a bar in the libel proceeding.

A jury trial was waived and the case submitted to the District Court on the pleadings and a stipulation as to certain facts not essential to a disposition of this appeal.

The District Court, relying upon the case of Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684, held that Hobgood's acquittal was a bar to forfeiture of the automobile, and ordered that it be delivered to claimant upon payment of all expenses incurred by the United States incident to its seizure and forfeiture, in accordance with 49 Stat. 878, 27 U.S.C.A. § 40a(c). See 15 F.Supp. 604.

The only question that it is necessary to decide to dispose of this appeal is whether the decision in Coffey v. United States, supra, requires the decision of the District Court.

In the Coffey case, the claimant alleged a prior judgment of acquittal upon a criminal information against him based on the same facts as were charged in the libel proceeding. Under these circumstances, it was held that the judgment of acquittal was a bar to the government's subsequent libel against the property alleged to have been used in violation of statute. From the opinion, however, it is clear that the principle therein recognized is deemed applicable only when the parties to the forfeiture proceeding are the same as those in the criminal proceeding.

The Court, 116 U.S. at page 443, 6 S.Ct. at page 440, 29 L.Ed. 684, said:

"* * * Where an issue raised, as to the existence of the act or fact denounced, has been tried in a criminal proceeding instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, that judgment is conclusive in favor of such person on the subsequent trial of a suit in rem by the United States, where, as against him, the existence of the same act or fact is the matter in issue as a cause for the forfeiture of the property prosecuted in such suit in rem. * * *

"When an acquittal in a criminal prosecution in behalf of the government is pleaded or offered in evidence by the same defendant, in an action against him by an individual, the rule does not apply, for the reason that the parties are not the same; * * * but upon this record, as we have already seen, the parties and the matter in issue are the same."

150

Then, after referring to the decision in Gelston v. Hoyt, 3 Wheat. 246, 4 L.Ed. 381, the Court, 116 U.S. at page 444, 6 S.Ct. at page 441, 29 L.Ed. 684 said: "This doctrine is peculiarly applicable to a case like the present, where, in both proceedings, criminal and civil, the United States is the party on one side and this claimant the party on the other."

Inasmuch as the claimant was not a party to the criminal proceeding, we are of the opinion that Coffey v. United States is not controlling and that the United States is entitled to have the issue as to whether the automobile in question was being operated by Hobgood in violation of statute litigated in this proceeding. Compare Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917.

The judgment of the District Court is reversed and the cause remanded for further proceedings in accordance with Section 3450 of the Revised Statutes.

Before PARKER and NORTHCOTT, Circuit Judges, and WYCHE, District Judge.