## UNITED STATES v. 38 CASES, etc., CONTAINING FIGLIA MIA BRAND.

United States District Court
S. D. New York.
Aug. 8, 1951.

3. Minot Beverage Co. v. Minneapolis & St. Louis Ry. Co., D.C.Minn., 65 F.Supp. 293.

Irving H. Saypol, U. S. Atty., New York City (John M. Cunneen, Asst. U. S. Atty., New York City, of counsel), for libellant.

Avrutis & Zizmor, New York City (Julius Zizmor, New York City, of counsel), for claimant, Antonio Corrao.

WEINFELD, District Judge.

Claimant Antonio Corrao moves for summary judgment dismissing the libel herein which is a consolidation, pursuant to 21 U.S.C.A. § 334(b), of eight condemnation proceedings originally instituted in the United States District Courts in Connecticut, Pennsylvania and New Jersey. The charge is that claimant had shipped in interstate commerce certain cans of edible oil which were misbranded and adulterated.

## I

Claimant was a defendant in the Eastern District of New York in a criminal prosecution brought under an information which contained twenty counts alleging various acts of adulteration and misbranding of food in violation of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq. Upon the trial the Court dismissed counts 1, 3, 5, 7, 9, 11, 13, 14, 16, 18 and 19, and submitted the remaining nine counts to the jury, which returned a verdict of guilty. Defendant's motion to set aside the verdict was granted and a new trial was directed. A second trial was had before another judge without a jury which resulted in a judgment of acquittal on the remaining counts.

The basis of the claimant's motion for summary judgment is that the final judgment of acquittal in the criminal prosecution is conclusive in his favor in this proceeding. He contends that the information was filed under the identical statute on which this forfeiture proceeding is based, charged the identical offenses covering the identical merchandise now sought to be forfeited and condemned, and that the issues and the parties are the same. The Government, however, disputes that the issues are entirely the same, claiming that additional violations are presently before the Court. While this is not altogether clear, under the view here taken, it is unnecessary to decide the question of identity of issues.

In support of his motion, claimant relies upon the authority of Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684. There, the claimant's property had been seized in a forfeiture proceeding for violation of the Internal Revenue Statutes. He had previously been acquitted on a criminal charge embracing the identical acts. In holding that the earlier judgment was a bar, the Supreme Court stated: " * * * where an issue raised as to the existence of the act or fact denounced has been tried in a criminal proceeding instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, that judgment is conclusive in favor of such person, on the subsequent trial of a suit *in rem* by the United States, where, as against him, the existence of the same act or fact is the matter in issue, as a cause for the forfeiture of the property prosecuted in such suit *in rem.*" 116 U.S. at page 443, 6 S.Ct. at page 440.

The foregoing ruling in the Coffey case appears by later decisions to have been rigidly contained to the facts therein. It was held to apply only where the second action "although civil in form, was penal in its nature," and seeks to "impose a punishment, or to declare a forfeiture." Stone v. United States, 167 U.S. 178, 187, 17 S.Ct. 778, 781, 42 L.Ed. 127. Thus a distinction was drawn between proceedings in rem which seek to enforce a penalty or are punitive, and those wherein relief is remedial in nature.

The distinction was further emphasized in Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 636, 82 L.Ed. 917. There the defendant had been acquitted of wilfully attempting to evade payment of income tax. Following his acquittal a civil action was brought by the Commissioner of Internal Revenue to recover a 50% assessment for fraudulent evasion of the tax. The defendant resisted this claim on the ground that the judgment of acquittal was conclusive as to any assessment beyond the deficiency. The plea was rejected, the Supreme Court holding that the 50% additional tax was a "civil administrative sanction" and not a penalty and on this ground distinguished and held inapplicable the Coffey case. The basis of its ruling was principally that the doctrine of res judicata did not apply in view of the difference of the burden of proof in the criminal and civil cases—incidentally, a point considered

in the Coffey case but which the Supreme Court held on the facts in that case did not invalidate the doctrine of res judicata.

Again, in a later case, United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443, the Supreme Court renewed its emphasis of the distinction. The majority of the Court classified a fine of $2,000 and double damages collectible under 31 U.S.C.A. §§ 231–234 as compensatory of damage to the Government and held that the proceeding was remedial and imposed a civil sanction. This evoked the comment by Mr. Justice Frankfurter in a concurring opinion that the distinction made in Helvering v. Mitchell, 303 U.S. at page 400, 58 S.Ct. at page 633, between "sanctions that are remedial and those that are punitive" and applied by the majority, was sufficient "for purposes of explaining away uncritical language" in the Coffey and other earlier cases. 317 U.S. 554, 63 S.Ct. 379, 389.

■ The Government contends that the effect of the cited subsequent decisions has been to overrule the Coffey case and that it is no longer prevailing law. Indeed, certain lower courts have openly stated their reluctance to follow its doctrine. United States v. One Dodge Sedan, 3 Cir., 113 F.2d 552. Undoubtedly, the Supreme Court has refined and restricted the doctrine of the Coffey case. However, a departure from its holding is unwarranted since the Supreme Court in deciding the Mitchell case not only refrained from overruling the Coffey case but carefully distinguished it by applying the rule of "civil administrative sanction". And as recently as 1950, in United States v. National Association of Real Estate Boards, 339 U.S. 485, 493, 70 S.Ct. 711, 716, 94 L.Ed. 1007, the Court stated that the Coffey case stands for the proposition that "the facts ascertained in a criminal case as between the United States and the claimant could not be again litigated between them in a civil suit which was punitive in character." Its authority was relied on in United States v. One De Soto

Sedan, 4 Cir., 180 F.2d 583, affirming D.C., 85 F.Supp. 245, where the facts were on all fours with those in the Coffey case.

Thus, while narrowly contained the rule of the Coffey case survives. The issue then is whether the sanction here sought to be invoked is punitive or purely civil and remedial in nature.

■ The instant proceeding is brought under 21 U.S.C.A. § 334, which provides for the seizure and condemnation of misbranded or adulterated articles of food. The purpose of the Federal Food, Drug, and Cosmetic Act, of which the foregoing section is a part, is the protection of the public health and to prevent deception of the purchasing public.[1]

■ The legislation was intended to "keep adulterated articles out of the channels of interstate commerce" and to insure that contraband articles may be controlled "not only through personal penalties, but through the condemnation of the article if impure." Hipolite Egg Co. v. United States, 220 U.S. 45, 54, 55, 31 S.Ct. 364, 366, 55 L.Ed. 364; United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L. Ed. 48.

The Federal Food, Drug, and Cosmetic Act provides two types of remedies indicating a separability of the punitive sanction from the civil remedy. Section 333 of Title 21 U.S.C.A., entitled "Penalties" prescribes the sanctions of imprisonment and fine for violations of the Act. These constitute the punitive provisions. Entirely separate from this section are the provisions for seizure and condemnation in Section 334 of Title 21. The purpose of the latter section is to quarantine a proscribed article which otherwise would be injurious to the public and thus it is unlike such statutes as 26 U.S.C.A. § 3321, providing for the forfeiture of vehicles used in transportation of non-tax paid goods or commodities, or the transporting of contraband such as narcotics in 49 U.S. C.A. §§ 781, 782.[2]

1. House Report No. 2139, 75th Congress, Third Session.

2. Although the forfeiture of an automobile used in the transportation of nar-

cotics appears akin to a penalty, nevertheless, the Court of Appeals of this Circuit followed the Mitchell case in United States v. Physic, 2 Cir., 175 F.2d

464

The latter forfeitures are clearly penal, intended to punish violators of law, whereas the purpose of the seizure and condemnation provisions here considered is quite different. This is emphasized when we consider that an adjudication of condemnation does not necessarily result in the forfeiture of the shipment. Under Section 334(d) of Title 21 U.S.C.A. the Court "may by order direct that such [condemned] article be delivered to the owner thereof to be destroyed or brought into compliance with the provisions of this chapter * * *" upon the posting of a bond. This section "permits the separation of the acceptable from the defective goods" and establishes a distinction "between condemnation and the confiscation * * * of goods." United States v. 43½ Gross, D. C., 65 F.Supp. 534, 536, affirmed Gellman v. United States, 8 Cir., 159 F.2d 881. The fact that the goods may be returned to an owner to be brought into compliance with requirements indicates an absence of purpose to inflict a penalty or to punish the owner but rather an intention to apply a preventative sanction to secure enforcement of the basic purpose of the law. The seizure and forfeiture is an incident in administrative procedure to accomplish that objective—to eliminate the shipment of merchandise in interstate commerce of articles deemed injurious to the public health and to prevent deceit upon the purchasing public.

The conclusion appears justified that the condemnation provision is a civil administrative sanction within the rule of the Helvering v. Mitchell case. Accordingly, the acquittal does not bar the present proceeding and the claimant's motion for summary judgment is denied.

## II

The Government moves for an order permitting it to sample the oils by removing one can marked with each of the four different kinds of labels which appear on the seized goods. The procedure is authorized by 21 U.S.C.A. § 334(c): "The court at any time after seizure up to a reasonable time before trial shall by order allow any party * * * to obtain a representative sample of the article seized * *."

This matter has been pending for eight years. The claimant contends that the Government had samples of the seized merchandise which were used upon the two criminal trials—and that such samples are still in its possession. The Government counters that these were obtained by purchase and before the institution of these proceedings and of the criminal prosecution. However, there is no satisfactory explanation by the Government with respect to claimant's assertion that the Government obtained and had representative samples of the goods and each such sample was tested by at least five of its chemists, including three named doctors who testified at the criminal trial, and further that the Government furnished claimant with a portion of each such sample pursuant to Title 21 U.S.C.A. § 334(c). Thus, it would appear that there is no need for additional samples. Moreover, the charge in this proceeding is misbranding and adulteration and the suggestion that the purpose of the sampling is to determine whether at this time the oils may be classified as food, and if so, are merchantable appears immaterial to the issue in this proceeding. The test is whether the articles were adulterated when shipped and while in interstate commerce. United States v. Two Bags of Poppy Seeds, 6 Cir., 147 F.2d 123. The samples previously obtained should be sufficient to enable the Government to meet its burden as to that issue in the present proceeding.

The motion is denied.

## III

Claimant moves to vacate the notice by the Government to take his deposition, contending that provision therefor does not appear in the Federal Food, Drug, and Cosmetic Act. Section 334(b) of Title

338, in holding that an acquittal in a criminal prosecution under 21 U.S.C.A. § 174 for illegally transporting heroin does not bar a proceeding brought under

49 U.S.C.A. § 781 for the forfeiture of the automobile used in transporting the same heroin.

21 U.S.C.A. provides that the procedure in condemnation cases "* * * shall conform, as nearly as may be, to the procedure in admiralty; except that on demand of either party any issue of fact joined in any such case shall be tried by jury. * * *" The Court of Appeals for this Circuit has construed this language as follows: "It now appears well established that the Rules of Civil Procedure do apply to condemnation proceedings." United States v. 5 Cases, Figlia Mia, 2 Cir., 179 F.2d 519, 522,[3] citing with approval United States v. 88 Cases of Bireley's Orange Beverage, D. C., 5 F.R.D. 503, which held that the Federal Rules of Civil Procedure, 28 U.S.C.A., apply to the taking of depositions in a condemnation proceeding. See also United States v. 20 Cases of Jello, D.C., 77 F. Supp. 231.

The motion is denied.

Settle order on notice.

---

3. The Ninth Circuit is in accord. Alberty Food Products v. United States, 185 F.2d 321.