Condary ADAMS, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 1034.

United States District Court
E. D. North Carolina,
Raleigh Division.

Jan. 22, 1958.

Joseph H. Levinson, Smithfield, N. C., for plaintiff.

Jane A. Parker, Asst. U. S. Atty., Raleigh, N. C., for defendant.

GILLIAM, District Judge.

This action was brought by the plaintiff to recover a tax paid under protest and was heard without a jury. Upon the evidence I find the facts and reach the conclusions set forth below:

On April 26, 1955, after receiving permission from the plaintiff to search his premises, investigators of the Alcohol and Tobacco Tax Division, Internal Revenue Service, United States Treasury Department, accompanied by investigators of the North Carolina Alcoholic Beverage Control Board, discovered upon lands admittedly owned by the plaintiff, and approximately two hundred yards from his barn, a copper pot still, which had apparently been in operation for about six months, three hundred gallons of mash contained in six barrels, and other distillery equipment;

In said barn were found five gallons of non-taxpaid whiskey and several empty five-gallon jugs, and in a washhouse near plaintiff's home were found three gallons of non-taxpaid whiskey and several empty one-half gallon jars, similar to the jars containing said whiskey; plaintiff admitted possession of all this whiskey and plead guilty to this charge;

A path led from plaintiff's barn to the still across plaintiff's pasture and over several fences, and the still itself was in a fenced, wooded area which was part of plaintiff's hog lot; another path joined said path at said fence at the edge of the woods, and at said point said fence was bent down where the path leading to the still crossed said fence; said second path led along the fence and passed the hog feeding area to a farm path which was entirely on plaintiff's property; there was no other path leading from the still;

The agents detected a strong odor of mash when they began their search above referred to, and in their expert opinion the noise of said still, when in operation, would have been heard in the area of said barn;

The plaintiff was subsequently indicted for possession of an illegal still, working at an illegal still, making and fermenting three-hundred gallons of mash, and removing and concealing eight gallons of non-taxpaid whiskey; he entered a plea of guilty of removing and

concealing the non-taxpaid whiskey, but plead not guilty to the other counts and was found not guilty of these charges;

Assessment of tax on both the mash and whiskey above referred to was made by the defendant, the total amount of which assessment, with interest to the date of payment, was paid by the plaintiff, who then submitted claim for refund of the sums of $620.55 principal, $46.54 interest, representing the amount of tax and interest paid with regard to the mash above referred to; the claim for refund was rejected by the defendant, and plaintiff instituted the instant action.

The plaintiff denied ownership of the still and mash, upon which the disputed tax was assessed, and stated that he had no knowledge of the illegal operation, and that he was in no way involved in it. He offered no other evidence, except an affidavit by one of the officers involved expressing a doubt of plaintiff's guilt of this portion of the charges against him. This affidavit was received over defendant's objection and, as I hold it to be incompetent, I will not consider it.

The plaintiff insists that the verdict of not guilty in the criminal case should operate as res judicata or that the Government should be estopped since, as said in Coffey v. United States, 116 U.S. 436, 444, 6 S.Ct. 437, 441, 29 L.Ed. 684, "(t)he judgment of acquittal in the criminal proceeding ascertained that the facts which were the basis of that proceeding, and are the basis of this one, and which are made by the statute the foundation of any punishment, personal or pecuniary, did not exist." There is force in the argument, but probably the weight of authority is with the Government. Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917, and cases there cited. It seems that each of the cases apparently supporting the plaintiff's position involved a forfeiture rather than a tax, as was the case in Helvering v. Mitchell. It is argued that this constitutes a distinguishing difference and well it may, but the truth is, in my opinion, the cases which have followed the Coffey

case and later Helvering v. Mitchell leave the situation confused.

 The Government is not precluded by the verdict of not guilty in the criminal case and is entitled to the decision unless the plaintiff has overcome the presumption of correctness of the assessment by the preponderance of the evidence. The assessment is based on a finding which in turn is based entirely on circumstantial evidence. The plaintiff to overcome the weight of this circumstantial evidence depends, as in the nature of things he had to do, upon his unsupported statement denying involvement. His statement was impressive; his answers on both direct and cross-examination were seemingly frank and candid; there was no indication of evasiveness or equivocation. Perhaps it is difficult to understand how this operation could go on so near the plaintiff without his knowledge. However, if the word of plaintiff is accepted, his claim against the Government is good; I accept it and find that plaintiff should recover $667.09, with interest and costs. Parties will confer and agree upon an appropriate formal judgment.