**Lora Belle JOHNSON, Plaintiff,**

v.

**J. E. WALL, Director of Internal Revenue, Defendant**

No. C–170–W–62.

United States District Court
M. D. North Carolina,
Wilkesboro Division.

Aug. 2, 1963.

Richard A. Vestal and Max F. Ferree, North Wilkesboro, N. C., for plaintiff.

William H. Murdock, U. S. Atty., and Roy G. Hall, Jr., Asst. U. S. Atty., Greensboro, N. C., and Herbert L. Moody, Jr., Atty., Dept. of Justice, Washington, D. C., for defendant.

EDWIN M. STANLEY, Chief Judge.

The plaintiff, Lora Belle Johnson, seeks to enjoin the defendant, J. E. Wall, District Director of Internal Revenue, his agents and servants, from foreclosure of a federal tax lien on plaintiff's property. Jurisdiction of this court is invoked "pursuant to its general equity jurisdiction."

The plaintiff has offered no evidence, and relies solely upon the allegations of her unverified complaint to support her claim for relief. In substance, the plaintiff alleges that she was tried in this court in May, 1959, on a bill of indictment charging the removal, concealment and sale of a small quantity of nontaxpaid distilled spirits, and another indictment charging a conspiracy to violate the Internal Revenue laws relating to distilled spirits; that she was convicted on the indictment charging removal, concealment and sale, but was acquitted on the conspiracy indictment; that in September, 1959, the defendant filed in the office of the Register of Deeds of Wilkes County a lien in the sum of $2,333.86, which embraces the nontaxpaid distilled spirits referred to in the conspiracy case in which she was acquitted; that the assessment is illegal and invalid as a matter of law because she was acquitted of the conspiracy charge, and the illicit distillery referred to in the conspiracy indictment was not found on her premises; that the defendant has threatened plaintiff with the foreclosure of the tax lien by selling her farm; that she has no adequate remedy at law for the reason that her legal remedy would require a payment of the tax and a suit for refund, which would work a personal and irreparable hardship due to the fact that she would be forced to sell her home in order to raise sufficient funds to pay the tax; and that since she derives a greater portion of her income from her farm operations, the sale of her home to pay the tax would result in her being deprived of her main source of income and leave her destitute and without a home.

The defendant has moved to dismiss the complaint on the grounds that (1) the court lacks jurisdiction of the subject matter of the action because the plaintiff seeks to enjoin the collection of Internal Revenue taxes, which is prohibited by § 7421 of the Internal Revenue Code of 1954 (26 U.S.C. § 7421), (2) the court lacks jurisdiction of the defendant, J. E. Wall, District Director of Internal Revenue, since the action seeks to restrain and control him in the performance of his official duties as an agent of the United States of America, with respect to a matter in which the United States has not waived its sovereign immunity, and (3) the court lacks jurisdiction over the subject matter of the action because it involves a controversy with respect to federal taxes and the plaintiff is seeking declaratory relief as to federal taxes against her, which is prohibited by § 2201 of Title 28, United States Code.

Section 7421(a) of the Internal Revenue Code of 1954 (26 U.S.C.A. § 7421 (a)) provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court," except as provided in certain sections relating to income, gift and estate taxes, which the plaintiff concedes has no application to the controversy here involved.

Notwithstanding the mandatory language of § 7421(a), and completely apart from the statutory exemptions contained in that section, an exception to the statutory ban on injunctions has been developed and enunciated by the courts. One of the leading cases in this area of the law is Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932), where it is held that general equity power to enjoin the collection of federal taxes may only be invoked upon a showing of (1) the illegality of the tax and (2) the existence of "special and extraordinary circumstances." Both tests must be met. On the question of the illegality of the tax, it was held in Enochs v. Williams

Packing Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962), that the law and the facts should be most liberally construed in favor of the United States, and that nothing more than good faith on the part of the Government is required. At 370 U.S. page 7, 82 S.Ct. at page 1129, the court stated:

"Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund."

On her claim that the assessed tax is illegal, plaintiff relies wholly upon her acquittal of the charge alleging a conspiracy to violate the Internal Revenue laws relating to distilled spirits, and cites as authority the case of Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886), and some later decisions applying the legal principles laid down in the Coffey case. Such reliance is not well placed. In the first place, a substantive offense and a penalty were involved in Coffey, not a conspiracy and a tax. In the second place, the authority of Coffey has been seriously impaired, and is now considered to be of doubtful validity.

▪ It was entirely possible for the plaintiff to have been the owner and operator of the illicit distilleries referred to in the conspiracy indictment, and subject to the assessed tax, without being guilty of a conspiracy. Conspiracy involves an agreement or understanding among two or more persons to commit an offense against the United States, followed by some act of one or more of the conspirators to effect the object of the conspiracy. United States v. Falcone, 311 U.S. 205, 210, 61 S.Ct. 204, 85 L.Ed. 128 (1940). Thus, the plain-tiff could have been acquitted of the criminal charge of conspiracy merely because the Government failed to establish beyond a reasonable doubt the existence of an agreement or understanding between the plaintiff and one or more of the other defendants, and still have been guilty of the substantive offense of owning and operating the distilleries. Actually, a reading of Johnson v. United States, 4 Cir., 276 F.2d 84 (1960) will disclose that much evidence was offered tending to connect the plaintiff with the ownership and operation of the distilleries.

The authority of Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L. Ed. 684 (1886) has been seriously impaired by Helvering v. Mitchell, 303 U. S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938), where the court stated:

"The difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of *res judicata*. The acquittal was 'merely * * * an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused.' Lewis v. Frick, 233 U.S. 291, 302 [34 S.Ct. 488, 492, 58 L.Ed. 967]. It did not determine that Mitchell had not wilfully attempted to evade the tax. That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based has long been settled."

In United States v. One 1953 Oldsmobile 98 4 Door Sedan, 4 Cir., 222 F.2d 668, 670, 672, 673 (1955), the Court of Appeals for this Circuit, speaking through Judge Dobie, stated:

"A lot of water has gone over the dam and a great deal of whiskey has come from the stills, since the Coffey decision nearly seventy years ago. The authority of that case, we think, has been seriously impaired by Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917.

\* \* \* \* \* \*

"Though the Coffey case seems never to have been definitely overruled by the Supreme Court, the doctrine of the case has come in for no little criticism. And the Circuit Courts of Appeal have manifested a clear tendency to distinguish the case and limit its application.

\* \* \* \* \* \*

"In the instant case before us (as we have indicated), the acquitted driver of the car and the claimant were different persons. We gladly avail ourselves of this loophole to escape the doctrine of the Coffey case, which we consider to be at least of doubtful validity. \* \* \*

"Even where the claimant of property which is the subject of a forfeiture proceeding has been acquitted of the crime which is the basis of the alleged forfeiture, the acquittal may not be relied upon as res judicata or collateral estoppel, under the principles laid down in Helvering v. Mitchell, supra, because of the difference in the burden of proof prevailing in civil and criminal cases, the forfeiture being a civil proceeding."

■ In view of the doubtful validity of the Coffey case, and its inapplicability to the facts in this case because the plaintiff has never been acquitted of substantive offenses growing out of the ownership and operation of the illicit distilleries involved, and we are here concerned with a tax rather than a penalty, it cannot be said that "under the most liberal view of the law and facts, the United States cannot establish its claim," for the taxes assessed against the plaintiff, or that the Government has acted in bad faith. Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Moreover, the holding in Coffey that an acquittal in a criminal case could be relied upon as *res judicata* in a civil case arising out of the same facts was, because of the difference in the burden of proof in criminal and civil cases, completely repudiated in the later case of Helvering v. Mitchell, supra.

■ As earlier noted, the plaintiff, in addition to the requirement of illegality, must show that "special and extraordinary circumstances" exist which would bring her action within the general equity jurisdiction of this court. In this connection, the plaintiff admits that she has a remedy at law by paying the tax and suing for refund, but contends that such remedy is inadequate for the reason that she will have to sell her home and farm to pay the tax and sue for a refund. At best, these allegations only show that plaintiff would suffer a personal hardship by paying the tax and then suing for a refund. An examination of the authorities subsequent to the Miller case clearly demonstrate that personal hardship does not constitute such "special and extraordinary circumstances" as to allow the issuance of an injunction. Plaintiff's argument seems to have been specifically dispelled in Enochs v. Williams Packing Co., 370 U.S. 1, 6, 82 S.Ct. 1125, 1128, where the court indicated:

"\* \* \* if Congress had desired to make the availability of the injunctive remedy against the collection of federal taxes not lawfully due depend upon the *adequacy* of the legal remedy, it would have said so explicitly. Its failure to do so shows that such a suit may not be entertained merely because collection would cause an irreparable injury, such as the ruination of the taxpayer's enterprise." (Emphasis supplied).

For the reasons stated, it is concluded that the plaintiff has failed to allege facts sufficient to either show illegality of the assessed tax or the existence of "special and extraordinary circumstances." It follows that the court is without jurisdiction to grant the injunctive relief sought, and that the complaint must be dismissed. It may be that the plaintiff is not liable for the tax, but this is an issue of fact that can only be determined in a suit for refund.