**Kenneth Poy LEE and Chow Joy Lee, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. GC 7043.**

United States District Court, N. D. Mississippi, Greenville Division.

March 3, 1971.

James P. Knight, Jr., Jackson, Miss., for plaintiffs.

H. M. Ray, U. S. Atty., Oxford, Miss., Jack D. Warren, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

KEADY, Chief Judge.

In this action, plaintiffs seek the recovery of United States income taxes for the years 1962, 1963 and 1964 resulting from an assessment made on or about January 15, 1970, which was more than three years after the returns for each year were filed. As an affirmative defense, defendant alleged in its answer that plaintiffs, with intent to evade taxes, had filed fraudulent and false income tax returns for each year in issue; that the deficiency resulted from the imposition of a 50% addition to tax because of fraudulent underpayment of the tax required to be shown on each of said returns; that the fraud consisted of (a) willful failure to report in the tax returns substantial amounts of taxable income received during each year, (b) willful overstatement in such returns of allowable deductions for each year, and (c) willful filing of returns, knowing them to be false and fraudulent and with intent to evade taxes.

Plaintiffs have moved for summary judgment in their favor, asserting that there is no genuine issue as to any material fact and they are entitled to judg-

ment as a matter of law. This motion is based upon the premise that on July 16, 1968, Henry Poy Lee was indicted on three separate counts of evading individual federal income taxes for the same years, as well as on three separate counts for falsely subscribing to partnership returns for such years; that after pleading not guilty to the charges, Lee on February 14, 1969, went to trial before a jury, and was acquitted of all charges; and his acquittal of the criminal charges constitutes an adjudication that he was not guilty of fraud in reporting income taxes for the years in question. Invoking principles of res judicata and collateral estoppel, plaintiffs assert that the issue of fraud is now foreclosed in this civil action, with the consequence that, as a matter of law, they should recover in this refund suit because the assessment was not made within three years after the filing of such returns, as provided by 26 U.S.C. § 6501.[1] The government concedes that the assessment is time-barred unless the case falls within the fraud exceptions provided by § 6501(c), in which case the tax may be assessed at any time, but it vigorously opposes the position that Lee's acquittal on the criminal charges is, in this refund suit, conclusive that plaintiffs did not make false or fraudulent returns with intent to evade the tax or willfully attempt in any manner to defeat or evade lawful taxes.

Plaintiffs' contention was specifically rejected by the Supreme Court in Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938), and the Fifth Cir-

cuit in Tomlinson v. Lefkowitz, 334 F. 2d 262 (1964). In the criminal action, the United States had the burden of proving Kenneth Poy Lee guilty beyond a reasonable doubt. In a civil tax fraud case, the government has the burden of proving fraud by clear and convincing evidence. The doctrines of res judicata and collateral estoppel are inapplicable because of the difference in the degree of proof required in criminal and civil cases. This was the express ruling of the Supreme Court in *Helvering,* supra, the court stating (303 U.S. at page 397, 58 S.Ct. at page 632):

> The difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata. The acquittal was "merely * * * an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused." Lewis v. Frick, 233 U. S. 291, 302, 34 S.Ct. 488, 492, 58 L.Ed. 967. It did not determine that Mitchell had not willfully attempted to evade the tax. That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based has long been settled.

In *Tomlinson,* the Fifth Circuit stated (334 F.2d at page 264):

> Moreover, an issue resolved in favor of the United States in a criminal prosecution may not be contested by the same defendants in a civil suit brought by the Government. Local

---

1. § 6501. Limitations on assessment and collection

(a) General rule.—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

  *    *    *    *    *

(c) Exceptions.—

(1) False return.—In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.

(2) Willful attempt to evade tax.—In case of a willful attempt in any manner to defeat or evade tax imposed by this title (other than tax imposed by subtitle A or B), the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

167, Int'l Bhd. of Teamsters [etc.] v. United States, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804 (1934); see Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 568–569, 71 S.Ct. 408, 95 L.Ed. 534 (1951). The converse is not true, however; *the Government is not estopped to raise in a civil proceeding an issue on which it lost in a criminal case because the burden of proof beyond a reasonable doubt is greater than in a civil case. Helvering v. Mitchell* [supra]. (Emphasis added)

In both *Helvering* and *Tomlinson* the taxpayer urged, as here, that res judicata should apply since both the criminal statute (26 U.S.C. § 7201) and the civil statute (26 U.S.C. § 6501) require a willful intent to deprive the government of taxes owing it. Despite this similarity of requirement, the judgment of acquittal was held not to be a bar to imposing the civil sanction of a 50% fraud penalty.

The effect of the foregoing decisions may not be avoided by plaintiffs' claim that the acquittal of Henry Poy Lee on Counts 4, 5 and 6, which charged violations of § 7206(1),[2] require a different result. Plaintiffs suggest that since Kenneth Poy Lee was acquitted on these particular counts, charging him with willfully making and subscribing to false partnership tax returns under penalties of perjury, there is introduced a new element that consists of charges "akin to perjury", for which there is no civil sanction independently provided by Congress. Therefore, they argue that the whole issue of fraud is subject to the rule of res judicata under Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886), which was not overruled but distinguished in *Helvering*.

In *Coffey*, the defendant was acquitted of criminal charges of illegally operating a distillery, and thereafter the government seized certain of his property, allegedly used in an illicit distillery operation, which resulted in a forfeiture proceeding. The court held defendant's acquittal on the criminal charge was conclusive in the civil proceeding. As we understand the reasoning in *Coffey*, that portion of the distilled spirits statute which authorized an *in rem* proceeding against property, although in the form of a civil action, was in actuality a constituent part of the punishment for the crime. It was on this basis that *Helvering* distinguished *Coffey* as inapplicable to the imposition of civil administrative sanctions in income tax cases.

That no civil sanction may be invoked for charges "akin to perjury" for falsely making and subscribing to partnership tax returns is of no legal significance here. The deficiencies are administratively assessed because of fraud in connection with allegedly fraudulent understatement in plaintiffs' individual tax returns. Those returns, and not the partnership information returns, form the basis of an independent civil liability. The charges "akin to perjury", as set forth in Counts 4, 5 and 6 against Henry Poy Lee, are not proximately related to the actions of defendant's agents in administratively imposing the fraud penalties, and, therefore, they may not operate as a shield behind which plaintiffs may seek protection from civil sanctions.

Because of the foregoing, there remain unresolved factual issues of fraud which are raised by the pleadings and other evidentiary materials on file, from which it necessarily follows that there are genuine issues of fact which make summary judgment improper. At this juncture

---

2. § 7206. Fraud and false statements
   Any person who—

   (1) Declaration under penalties of perjury.—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and

which he does not believe to be true and correct as to every material matter
* * *

  \*    \*    \*    \*    \*

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution.

we cannot say that no material issues of fact exist or that the plaintiffs are entitled to prevail as a matter of law.

Accordingly, an order overruling plaintiffs' motion for summary judgment in their favor shall be entered.